FOURNET, Justice.
 

 The relator, who was serving a sentence for conspiracy to break prison under Section 867 of the Revised Statutes of 1870, sought through a writ of habeas corpus in the district court to obtain his release from custody on the ground that his sentence had been illegally imposed, and applied to and was granted a remedial writ by this court after the lower court refused to comply with his request.
 

 The section in question reads as follows: “Whoever, being lawfully imprisoned, shall break or conspire to break prison; whoever shall falsely and maliciously prosecute an innocent person of any crime, and who shall be accordingly prosecuted and acquitted, shall on conviction suffer imprisonment or fine, or both, at the discretion of the court.”
 

 It is counsel’s contention, unsupported by any cited authorities, that a sentence was illegally imposed on the defendant for conspiring to break prison, since no penalty for this crime is to be found in the section, the penalty imposed at the end thereof having reference to false and malicious prosecution only, conceding that if a conjunctive “or” appeared where the semicolon is in the section, he would have no cause for complaint.
 

 “The universal and most effectual way of discovering the true meaning of a law, when its expressions are dubious, is by considering the reason and the spirit of it, or the cause which induced the Legislature to enact it.” Article 18, Revised Civil Code. “Punctuation * * * cannot control its [a statute’s] construction against the manifest intent of the legislature, and the court will punctuate or disregard punctuation * * * to ascertain and give effect to the real intent * * 59 Corpus Juris 989, Section 590. See, also, Buras v. Fidelity & Deposit Co. of Maryland, 197 La. 378, 1 So.2d 552, and the cases therein cited. (Brackets ours.)
 

 A. mere reference to this section leaves no doubt that the Legislature intended to levy the same penalty against both of the crimes denounced therein. Consequently, the fact that the two crimes are different and distinct, is immaterial.
 

 Counsel’s alternative contention is that the crime denounced in the first clause is
 
 *451
 
 without a penalty since the second clause, containing the penalty, was superseded by Section 3 of Act No. 107 of 1902.
 

 Counsel is equally in error in this contention for the repealing clause in the 1902 act provides that “all laws and parts of laws in conflict with, or inconsistent with, this Act be, and the same are, hereby repealed.” Section 13. Necessarily, in so far as the penalty in Section 867 of the Revised Statutes of 1870 applies to the breaking or conspiring to break prison, a crime that has no application to falsely and maliciously prosecuting an innocent person, the same has not been repealed but remains intact.
 

 We therefore conclude that the trial judge properly refused to release the prisoner.
 

 For the reasons assigned, the rule herein issued is recalled and the relator’s application for writs of certiorari, mandamus, and habeas corpus is denied, at his cost.