SIMON, Justice.
 

 The defendants-appellants
 
 [1]
 
 herein were jointly charged in a bill of information with having committed the offense of simple escape as defined by LSA-R.S. 14:110 in that they intentionally departed from the lawful custody of an official of the Louisi
 
 *391
 
 ana State Penitentiary and from a place where they were lawfully detained by an official of the Louisiana State Penitentiary. They were tried by a twelve-man jury, and each of them was found guilty of attempted simple escape and sentenced to imprisonment in the State Penitentiary for a period of two and one-half years, said sentence to run consecutively with any sentence being served by him.
 

 During the course of the trial no bills of exception were reserved save the one reserved to the ruling by the trial judge on a motion in arrest of judgment wherein it is contended that the record contains manifest error in that Act 122 of 1954 (LSA-R.S. 14:110), the statute under which the defendants were prosecuted, is unconstitutional, and that, therefore, no judgment against them can be lawfully rendered, being violative of Art. 1, Sec. 10, Const. La.1921, LSA, and the 14th Amendment of the U. S. Constitution.
 

 Defendants herein were confined in the Louisiana State Penitentiary and escaped from their dormitories sometime during the nighttime and were apprehended the following morning hiding in a pile of sand in the prison compound. They never left the penitentiary grounds.
 

 The defendants contend that under Act 122 of 1954 it is impossible for persons having been sentenced to the penitentiary to commit the crime of simple escape, but that said crime can be committed only in two ways, i. e,: (1) from an official of the penitentiary,' and (2) from a place where the offender is lawfully detained by an official of the penitentiary. They contend that the penalty cause provided in this statute provides a penalty only for escape from the lawful custody of an official of the penitentiary, but does not provide a penalty for escape from a place where the offender is lawfully detained by an official of the penitentiary.
 

 Defendants further contend that the statute fails to define the terminology “lawful custody” or “place where lawfully detained.”
 

 In 1942, the Legislature adopted Act 43, defining the crime of simple escape and providing penalties therefor, as follows:
 

 “Simple escape is the intentional departure of a person, under circumstances wherein human life is not endangered, from lawful custody of any officer or from any place where he is lawfully detained by any officer.
 

 “Whoever commits the crime of simple escape shall be fined not more than five hundred dollars, or imprisoned for not more than one year, or both; provided that such imprisonment shall not run concurrently with any other sentence.”
 

 In 1954 the Legislature, by Act 122 (LSA-R.S. 14:110), amended and reenacted the prior simple escape statute so as to provide as follows:
 

 
 *393
 
 “Simple escape is the intentional departure of a person, under circumstances wherein human life is not endangered, from lawful custody of any officer or official of the Louisiana State Penitentiary or from any place where he is lawfully detained by any officer or official of the Louisiana State Penitentiary.
 

 “Whoever commits the crime of simple escape other than from the lawful custody of an official of penitentiary and who has not been sentenced to the penitentiary shall be imprisoned for not more than one year, provided that such imprisonment shall not run concurrently with any other sentence.
 

 “Whoever commits the crime of simple escape from the lawful custody of an official of the penitentiary, or, having been sentenced to the penitentiary, commits the crime of simple escape before having been incarcerated in the penitentiary, shall be imprisoned at hard labor for not less than two years and not more than five years; provided that such sentence shall not run concurrently with any other sentence. As amended Act 1954, No. 122, § 1.”
 

 In the case of State ex rel. Priest v. Coverdale, 204 La. 448, 15 So.2d 849, we said that the universal and most effectual way of discovering the true meaning of a law, when its expressions are dubious, is by considering the reason and the spirit of it, or the cause which induced the Legislature to enact it.
 

 When the meaning of a statute appears doubtful it is well recognized that we should seek the discovery of the legislative intent. However, when the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need of construction. State v. Arkansas Louisiana Gas Company, 227 La. 179, 78 So.2d 825.
 

 It is common knowledge that by the adoption of Act 122 of 1954 the Legislature undertook to remedy a situation which was almost intolerable for citizens of West Feliciana Parish, Louisiana, and Wilkinson County, Mississippi, who reside in the vicinity of the penitentiary, and to effect a deterrent on penitentiary prisoners bent on escape. Prior to the amendatory statute, Act 43 of 1942 applied to escapees from lawful custody of any officer or from any place where such escapees were lawfully detained by any officer. The penalty in such instances was a fine and/or imprisonment in the parish jail for not more than one year. By Act 122 of 1954, the Legislature extended the scope and meaning of simple escape so as to specifically provide a penalty whereby escapees from the lawful custody of any officer or official of the Louisiana State Penitentiary or from any place where they were lawfully detained
 
 *395
 
 by said officer may be condemned to imprisonment at hard labor for not less than two years and not more than five years. The effect of such amending statute was to relieve the Parish of West Feliciana from confining these escapees in the parish jail at the expense of the parish. Furthermore, it is evident that the increased penalty had for its purpose to effect a deterrent on penitentiary prisoners bent on escape.
 

 In the instant case, when the defendants were confined in their dormitories, they were placed in a state of being guarded or watched to prevent escape and manifestly were in the lawful custody of an officer of the Louisiana State Penitentiary. When they escaped from that custody they became fugitives therefrom. Custody in criminal law implies physical force sufficient to restrain a person from going at large. Here the prisoners were confined in the dormitory which was sufficient in itself to restrain them from going at large. The record discloses that they removed a ventilator from one of the dormitory walls and thus provided the means by which they escaped confinement and the lawful custody of the officers or officials of the State Penitentiary, thereby making them amenable to the penalties contained in our simple escape statute.
 

 Defendants further contend that the act is unconstitutional in that the terminology “lawful custody” or “place where lawfully detained” is not defined by the statute. This contention is without merit, for it is axiomatic that in statutory construction the words used therein are to be taken according to their fair import, in their usual common or ordinary meaning, in connection with the context, and with reference to the purposes to be served. See State v. Truby, 211 La. 178, 29 So.2d 758.
 

 In the case of State v. Arkansas Louisiana Gas Company, supra, we announced the following principle [227 La. 179, 78 So. 2d 828]:
 

 “Among the best known of our rules of statutory construction' is the phrase ‘noscitur a sociis’ and ‘ejusdem generis’. The maxim has been defined as follows:
 

 “ Tt is known from its associates. * * * The meaning of a word is or may be known from the accompanying words. * * * Under this rule general and specific words, capable of analogous meaning, when associated together, take color from each other, so that general words are restricted to a sense analogous to less general. * * * ’ ”
 

 We find no merit in the bill of exception assailing the constitutionality of Act 122 of 1954, LSA-R.S. 14:110.
 

 Accordingly, for the reasons assigned, the conviction and sentence are affirmed.
 

 [1]
 

 . Willie D. Marsh, Alvin R. Clinton, Herbert K. Morgan, Prank V. Gann, Myron G. Hinds, Alfred Black and David H. Puckett, all prisoners at the Louisiana State Penitentiary at Angola, were jointly charged in a bill of information with the crime of simple escape. All of the defendants pleaded not guilty when they were arraigned on November 13, 1956, and their case was fixed for trial on December 5, 1956. Before the case could be tried, Prank Y. Gann escaped from custody of the penitentiary and was not apprehended. On the day the case was fixed for trial, Alfred Black withdrew his plea of not guilty and pleaded guilty. The remaining five defendants are the appellants herein.