James S. HUFFMAN, Appellant–
Defendant Below,

v.

STATE of Indiana, Appellee–
Plaintiff Below.

No. 32A01–9503–CR–64.

Court of Appeals of Indiana.

Dec. 21, 1995.

Transfer Denied Feb. 21, 1996.

James H. Fierek, Brownsburg, for Appellant.

Pamela Carter, Attorney General of Indiana and Janet L. Parsanko, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

ROBERTSON, Judge.

James S. Huffman appeals his conviction, after a jury trial, of Escape. Huffman raises two issues which we consolidate for review. We affirm.

## FACTS

The facts in the light most favorable to the verdict reveal that Huffman was incarcerated in the Indiana Boys' School. On January 1, 1994, Huffman and five other detainees left their cottage by breaking a lock off of a door, forcing open a second door, and removing a board covering a window. The six boys fled from their cottage and crossed a field. Huffman hid in a wooded area until he was caught. Huffman never left the Boys' School property.

Huffman was tried as an adult. At trial, he admitted that he had intended to leave the grounds of the Boys' School.

## DECISION

Huffman asserts 1) that the trial court erred by failing to grant his motion for a directed verdict, and 2) that the evidence is insufficient to support his conviction. Huffman bases both assertions on the argument that he could not properly be convicted of Escape because he had not made it off the Boys' School property. We have combined these issues into a single issue because we perceive the appellate claim in each to be an attack upon the sufficiency of the evidence. *See Jordan v. State* (1995), Ind., 656 N.E.2d 816, footnote 1.

The present case presents an issue of first impression in Indiana. However, we are aided by an annotation, *Conviction For Escape Where Prisoner Fails To Leave Confines of Prison or Institution*, 79 ALR4th 1060. This annotation reveals that our sister states have almost universally upheld Escape convictions where the prisoner did not make it outside the prison or detention facility where the states' statutes involved proscribed "escape from 'custody', 'confinement,' or the like" (as opposed to statutes which proscribed "escape from 'prison', 'detention facility,' or the like") and the prisoner exhibited an intention to leave the confines of the prison or institution. *Id.* at 1063–1067; *Crowder v. State* (1991), Tex.App., 812 S.W.2d 63 (prisoner discovered missing from cell and found hiding in crawl space in restricted area of prison), *review refused; State v. Marsh* (1957), 233 La. 388, 96 So.2d 643 (prisoners escaped from their dormitories and were found hiding under a pile of sand in the prison compound); *Urbauer v. State* (1987), Okla.Crim.App., 744 P.2d 1274 (prisoner made it beyond two fences of the prison but not a third); *Scott v. State* (1984), Tex.Cr.App., 672 S.W.2d 465 (prisoner dug out of building and was captured in the jail's enclosed yard); *State v. Sugden* (1988), 143 Wis.2d 728, 422 N.W.2d 624 (prisoner escaped from locked cottage but was caught between the double fences of the correctional institution); *contra State v. Gaines* (1978), La., 372 So.2d 552 (prisoner was already outside prison walls tending an okra patch, but was not confined in the okra patch, and made it only to a near-by lake within the penitentiary grounds).

In Indiana, the crime of Escape is defined as follows:

A person who intentionally flees from lawful detention commits escape, . . .

Ind.Code 35–44–3–5(a). The statute has not been interpreted to require that a prisoner escape from a prison or detention facility. *See Johnson v. State* (1987), Ind., 512 N.E.2d 1090, 1091. In *Johnson,* our supreme court held that the defendant was properly convicted of Escape when he had fled from a police car where he had been placed after having been arrested. *Id.*

In the present case, Huffman and his confederates fled the cottage they had been placed in by breaking a lock off of a door, forcing open a second door, and removing a board covering a window. Huffman admitted that he had intended to leave the Boys' School property. Huffman intentionally fled from the cottage where he had been lawfully detained.

We hold that, under Indiana law, Huffman's conduct constitutes the completed crime of Escape. Therefore, Huffman's conviction is sufficiently supported by evidence and we find no error.

Judgment affirmed.

NAJAM and DARDEN, JJ., concur.