The **PEOPLE** of the State of Colorado, Petitioner,

v.

Pablo **SANCHEZ**, Respondent.

No. 87SC206.

Supreme Court of Colorado,
En Banc.

Feb. 27, 1989.

Rehearing Denied March 27, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for petitioner.

David F. Vela, State Public Defender, Andrew C. Heher, Kathleen Lord, Deputy

State Public Defenders, Denver, for respondent.

KIRSHBAUM, Justice.

The respondent, Pablo Sanchez, was sentenced to serve two consecutive four-year terms by the trial court as a result of his jury convictions of two offenses of vehicular assault, in violation of section 18–3–205, 8 C.R.S. (1978 & 1984 Supp.).[1] Sanchez appealed to the Court of Appeals, and that court vacated the sentence and remanded the case to the trial court for imposition of a new sentence. *People v. Sanchez,* No. 85CA1325 (Colo.App. April 2, 1987) (unpublished). Having granted the People's petition to review the Court of Appeals decision, we reverse and remand with directions.

I

On January 14, 1985, Sanchez and his friend Tony Weiss spent the day together. The two drove to various locations in a car owned by Weiss' parents and consumed several beers during the afternoon. Sanchez decided not to report to work, and that evening he and Weiss visited a lounge in Loveland, Colorado. Although only twenty years old, Sanchez purchased a mixed drink at the lounge.

Sanchez and Weiss then decided to drive to Fort Collins, Colorado. They left the lounge, and Sanchez began driving the Weiss car north on Colorado Highway 287. At approximately 8:00 p.m., Sanchez steered the car across the highway median and struck head on a south-bound car driven by Kimberly G. Miller. At the time of the collision, Sanchez was driving with a blood alcohol content of 0.193 grams of alcohol per 100 milliliters of blood and at a speed of approximately seventy-seven miles per hour.

The collision caused Miller to suffer a miscarriage. She was hospitalized for twenty-seven days, endured numerous surgical procedures and sustained severe physical and emotional damage as a result of the accident. Miller's infant daughter Emily, a passenger in the Miller vehicle at the time, also sustained severe injuries as a result of the collision.

Sanchez was charged with two separate offenses of vehicular assault.[2] The jury found him guilty of both offenses, indicating on special verdict forms that in each instance he drove recklessly and also drove while under the influence of alcohol.

A presentence report prepared for the sentencing hearing contained the recommendation that Sanchez be sentenced to the Department of Corrections. The report noted the severity of the injuries resulting from his conduct but did not specifically recite the presence of any extraordinary aggravating circumstances.

The trial court imposed a sentence of four years on each count—the maximum sentence in the aggravated range then authorized—and ordered that the sentences be served consecutively. The trial court specifically determined that the following circumstances constituted extraordinary aggravating circumstances: (1) the extent and permanent nature of the victims' injuries; (2) the speed at which Sanchez was driving; (3) the alcohol content of San-

---

1. The relevant provisions of § 18–3–205 state as follows:

    **18–3–205. Vehicular assault.** (1)(a) If a person operates or drives a motor vehicle in a reckless manner, and this conduct is the proximate cause of serious bodily injury to another, he commits vehicular assault.

    (b)(I) If a person operates or drives a motor vehicle while under the influence of any drug or intoxicant and this conduct is the proximate cause of a serious bodily injury to another, he commits vehicular assault. This is a strict liability crime....

    The General Assembly has also provided that for purposes of subsection (1)(b)(I), if at the time of the accident there was 0.10 percent or more by weight of alcohol in the defendant's blood, § 18–3–205(2)(c), 8 C.R.S. (1978 & 1984 Supp.), it shall be presumed that the defendant was under the influence of alcohol.

2. The first count of the complaint and information alleged that Sanchez committed the offense of vehicular assault against Kimberly Miller by reckless driving and by driving a vehicle while under the influence of alcohol. The second count alleged commission of the offense of vehicular assault against Emily Miller by both types of conduct.

chez's blood at the time of the accident; and (4) the fact that Sanchez was driving in the wrong lane. The trial court also noted that Sanchez was under age when he purchased an alcoholic beverage at the lounge in Loveland, that he had failed to go to work on the evening the accident occurred and that during the trial he sought to establish that his friend Weiss was driving the car that struck the Miller vehicle.

On appeal to the Court of Appeals, Sanchez asserted, *inter alia*, that the trial court erred in imposing a sentence in the aggravated range because it relied on factors that do not constitute extraordinary aggravating circumstances to support the sentence.[3] The Court of Appeals agreed with this argument. It observed that the evidence of driving at high speed and in the wrong lane constituted evidence of the element of reckless conduct essential for conviction of the offense of vehicular assault by reckless driving. It further observed that evidence of the alcohol content of Sanchez's blood constituted proof of an element of the offense of vehicular assault by driving while under the influence of an intoxicant. It then concluded that the trial court could not consider those factual circumstances necessary to establish elements of the offenses charged as extraordinary aggravating circumstances for purposes of sentencing, reasoning that to do so would in effect "move the [underlying] offense to a more serious category."[4] Slip op. at 6.

## II

The Court of Appeals relied upon its prior decisions in *People v. Garciadealba*, 736 P.2d 1240 (Colo.App.1986), *cert. denied* (1987), and *People v. Manley*, 707 P.2d 1021 (Colo.App.), *cert. denied* (1985), to support its conclusion that the trial court could not consider facts tending to establish an element of the underlying offense as extraordinary aggravating circumstances for purposes of sentencing pursuant to section 18–1–105(9), 8 C.R.S. (1978 & 1984 Supp.) (current version at § 18–1–105(9), 8B C.R.S. (1986 & 1988 Supp.)). The Court of Appeals has adopted this rationale in other opinions. *See, e.g., People v. Chavez*, 743 P.2d 53 (Colo.App.1987), *rev'd, People v. Chavez*, 764 P.2d 356 (Colo.1988); *People v. Russell*, 703 P.2d 620 (Colo.App.), *cert. denied* (1985). However, several decisions of this court, beginning with *People v. Haymaker*, 716 P.2d 110 (Colo.1986), have established that the General Assembly may constitutionally require trial courts to impose sentences in the aggravated range precisely because of the existence of facts which also tend to establish an element of the underlying substantive offense.

In *Haymaker*, the defendant, who was convicted of first degree sexual assault, challenged the constitutionality of the sentence imposed upon him by the trial court pursuant to section 18–1–105(9)(a)(I), 8 C.R.S. (1978 & 1985 Supp.).[5] That statute provided that the commission of a crime of violence, defined in relevant part by section 16–11–309(2)(a)(I), 8 C.R.S. (1978 & 1985 Supp.), as use of a deadly weapon during the commission of sexual assault, was an extraordinary aggravating circumstance for sentencing purposes. The defendant argued that if section 18–1–105(9)(a)(I) were construed to authorize sentencing in

**3.** Sanchez also asserted that the trial court erred in certain evidentiary rulings and in imposing consecutive sentences. The Court of Appeals affirmed the trial court's judgment with regard to those issues, and Sanchez's petition for certiorari questioning those rulings of the Court of Appeals was denied.

**4.** The Court of Appeals opinion points out that Sanchez also argued that the trial court erred in considering the nature and extent of the victims' injuries as extraordinary aggravating circumstances, and that serious bodily injury is an element of the offense of vehicular assault. Although both parties assume in their briefs filed

in this certiorari proceeding that the Court of Appeals determined that reliance on this evidence also constituted error, we do not find any such holding expressed in that court's opinion.

We also note that § 18–1–105(9)(f), 8B C.R.S. (1986), provides that in imposing sentence a trial court may consider certain circumstances, such as serious bodily injury caused to a victim, as "aggravating" circumstances even though such factors constitute elements of the underlying offense. This statute became effective July 1, 1986, and is not applicable to this case.

**5.** This statute is now codified as § 18–1–105(9)(a)(I), 8B C.R.S. (1986).

the aggravated range for conviction of a class 2 felony offense of first degree sexual assault as defined in section 18–3–402(2)(c), 8 C.R.S. (1978) (classifying sexual assault as a class 2 rather than a class 3 felony if the actor uses a deadly weapon to cause submission of the victim), the sentence would violate constitutional guarantees of equal protection of the law. The defendant's primary equal protection argument was the assertion that the same circumstance—use of a deadly weapon—could not be defined as an element of the underlying class 2 felony sexual assault offense and also be designated by the General Assembly as the basis for sentencing in the aggravated range. We rejected that argument, concluding that these legislative determinations did not violate equal protection standards.[6]

We also observed in *Haymaker* that in *Manley* and in *Russell* the Court of Appeals applied rules of statutory construction to conclude that in the circumstances of those cases the General Assembly had not intended to permit elements of the underlying offenses there involved to be considered extraordinary aggravating circumstances for sentencing purposes. We concluded that those two cases did not suggest any constitutional impediment to a contrary legislative determination. We have reaffirmed the principle announced in *Haymaker* in several subsequent decisions. *See, e.g., People v. Mozee,* 723 P.2d 117 (Colo.1986); *People v. Vigil,* 718 P.2d 496 (Colo.1986); *People v. Sanders,* 717 P.2d 948 (Colo.1986) (per curiam); *People v. Powell,* 716 P.2d 1096 (Colo.1986).

In *People v. Leonard,* 755 P.2d 447 (Colo.1988), an appeal by the People from a sentencing determination, we concluded that the trial court erred in sentencing the defendant to a sentence within the presumptive range upon his conviction of the offense of possession of contraband in the first degree, in violation of section 18–8–204.1, 8B C.R.S. (1986). One element of

the offense of possession of contraband in the first degree is confinement in a detention facility at the time the offense was committed. Section 18–1–105(9)(a)(V), 8B C.R.S. (1986), provided that if a defendant convicted of a substantive felony offense "was under confinement, in prison, or in any correctional institution within the state" at the time such offense was committed, the trial court must impose a sentence in the aggravated range. Relying solely on the Colorado Court of Appeals decision in *Russell,* the defendant argued that the trial court properly imposed a sentence in the presumptive range because the fact of confinement, an element of the substantive offense, could not also be considered an extraordinary aggravating circumstance for sentencing purposes.

In rejecting this argument, we noted that the extraordinary aggravating circumstance in *Russell* was synonymous with an element of the underlying offense, thus distinguishing that case. We also found that section 18–1–105(9)(a)(V) expressed a clear legislative intent to require sentencing in the aggravated range for persons convicted of any felony while confined in any detention facility. We again emphasized that a legislative decision to permit an element of a substantive offense to be considered an extraordinary aggravating circumstance for purposes of imposing a sentence in the aggravated range for a conviction of the substantive offense would not violate constitutional guarantees of equal protection or double jeopardy.[7]

The principles enunciated in *Leonard* and *Haymaker* govern the resolution of the issue presented by this appeal. The factual matters referred to by the trial court as extraordinary aggravating circumstances for purposes of section 18–1–105(9) are also evidentiary matters relevant to particular elements of the offenses of vehicular assault with which Sanchez was charged. However, none of those distinct

---

6. We also rejected double jeopardy and due process arguments and a second equal protection argument raised by the defendant.

7. We applied the rationale of *Leonard* to slightly different facts in *People v. Chavez,* 764 P.2d 356 (Colo.1988), wherein we reversed the decision of the Colorado Court of Appeals in *People v. Chavez,* 743 P.2d 53 (Colo.App.1987).

facts, in isolation, establishes any element of those offenses.

The critical issue then becomes a question of legislative intent. Section 18–1–105(9)(c), 8 C.R.S. (1978 & 1984 Supp.) (current version at § 18–1–105(9)(c), 8B C.R.S. (1986)), expressly authorized the trial court in this case to consider general aggravating circumstances other than those specific aggravating circumstances delineated in section 18–1–105(9)(a) when determining whether to impose a sentence in the aggravated range. Section 18–1–105(9)(c) indicates a legislative intent to encourage careful consideration by a trial court of all relevant factual matters developed during the course of criminal proceedings prior to selecting an appropriate sentence in view of the general sentencing policies articulated by the General Assembly. *See People v. Phillips*, 652 P.2d 575, 581 (Colo. 1982) (Lohr, J., concurring). By examining the factual circumstances surrounding the commission of the offense and relating to the defendant, the trial court carried out that legislative intent in this case. No constitutional or statutory provision prohibited the trial court's consideration of specific facts relevant to the establishment of essential elements of the offenses with which Sanchez was charged as extraordinary aggravating circumstances justifying the imposition of a sentence in the aggravated range. The contrary conclusion of the Court of Appeals must be reversed.[8]

### III

For the foregoing reasons, the judgment of the Court of Appeals is reversed and the case is remanded to that court with directions to reinstate the sentence imposed by the trial court.

---

8. Sanchez asserts in a footnote in his brief that the case must be remanded to the trial court for resentencing "as a result of the trial court's consideration of unconstitutional and insufficient extraordinary aggravating circumstances." This argument apparently refers to the determination by the Court of Appeals that the trial court erred in considering as an extraordinary aggravating circumstance the fact that at trial Sanchez denied he was driving the Weiss car when the accident occurred. We conclude that even if this factor were excluded from the several factors described by the trial court as supporting a sentence in the aggravated range, reversal of the trial court's exercise of its sentencing discretion would not be warranted.