The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Gerald M. ANDREWS, Defendant–Appellant.

No. 90CA1836.

Colorado Court of Appeals, Div. IV.

Sept. 10, 1992.

Rehearing Denied Dec. 24, 1992.

Certiorari Granted June 14, 1993.

**4** ▮▮▮▮▮▮▮▮▮▮▮▮

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Timothy R. Twining, Asst. Atty. Gen., Amy W. Naes, Sp. Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Samuel Santistevan, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge TURSI.

Defendant, Gerald M. Andrews, appeals the 2½ year consecutive sentence imposed following his guilty plea to attempt to escape. We vacate the sentence and remand for further proceedings.

Defendant was charged with escape in case No. 90CR1876 when, while serving sentences for cultivating marihuana and for second degree burglary, he failed to return to a community corrections facility on July 2, 1990. Approximately two weeks later, he was apprehended and taken to the parole office. During processing, defendant escaped again and was later re-captured. This latter incident resulted in a second charge of escape, and it is the one here at issue.

Defendant pled guilty to attempt to escape in both cases and was sentenced in both cases at the same time. The trial court sentenced defendant to a 1–year sentence in case 90CR1876 to run consecutive to the sentence defendant was serving at the time of his escape.

The trial court sentenced defendant in the aggravated range to 2½ years in this case to run consecutive to any other sentence defendant was serving, including the sentence in 90CR1876. The trial court based its enhanced sentence on § 18–1–105(9)(a)(V), C.R.S. (1991 Cum.Supp.).

### I.

Defendant contends that the trial court erred in imposing a consecutive sentence in this case to the sentence imposed in 90CR1876. He maintains that he was not serving the sentence in 90CR1876 as contemplated by § 18–8–208.1(2), C.R.S. (1986 Repl.Vol. 8B) when he was sentenced in this case. We disagree.

Section 18–8–208.1(2) provides:

If a person, while in custody or confinement and held for or charged with but not convicted of a felony, knowingly attempts to escape from said custody or confinement, he commits a class 5 felony. If the person is convicted of the felony or other crime for which he was originally in custody or confinement, the sentence imposed pursuant to this subsection (2) shall run consecutively with any sentences being served by the offender.

▮ The primary task in construing a statute is to ascertain and give effect to the intent of the General Assembly. *Charnes v. Boom*, 766 P.2d 665 (Colo.1988). To discern legislative intent, a court should look first to the statutory language. *People v. Warner*, 801 P.2d 1187 (Colo.1990). Statutory words and phrases should be given effect according to their plain and ordinary meaning. And, the statute must be read and considered as a whole. *People v. District Court*, 713 P.2d 918 (Colo.1986).

▮ The statutory language here provides that if the person is convicted of the felony for which he was originally in custody, the sentence imposed shall run consecutively with any sentences being served by the offender. The generally accepted and familiar meaning of "shall" indicates that this term is mandatory. *People v. District Court, supra.*

▮ The defendant pled guilty to attempt to escape from the community corrections facility in case 90CR1876 and, thus, was convicted of the felony for which he was originally in custody at the parole office when he escaped in this case. Accordingly, the trial court was required to impose a consecutive sentence to the escape charge in 90CR1876 and to the sentences being served when he first escaped.

Although the defendant was not technically serving the sentence in 90CR1876 at the time he was sentenced in this case, a contrary interpretation of the statute in this unique set of circumstances would defeat the legislative intent in passing the statute.

We must presume that the General Assembly intended a just and reasonable result. Section 2–4–201(1)(c), C.R.S. (1986 Repl.Vol. 8B).

Here, the General Assembly intended that if a prisoner escapes from custody or confinement, the prisoner shall receive an additional sentence as punishment. Consecutive sentences deter prisoners from escaping.

In this case the defendant escaped twice from custody or confinement. Hence, imposition of a consecutive sentence in this case to the sentence imposed in 90CR1876 and to the sentences being served by the defendant is consistent with the policy and purpose manifested by the statutory scheme. *See People v. Green,* 734 P.2d 616 (Colo.1987). Accordingly, the trial court did not err in imposing a consecutive sentence in this case to the sentence imposed in case 90CR1876.

## II.

Relying on *People v. Russell,* 703 P.2d 620 (Colo.App.1985), defendant also contends that the trial court erred in imposing an enhanced sentence. We agree that the trial court erred in the basis upon which it premised the enhanced sentence.

Initially, we note that the 2½ year sentence, although within the presumptive range, also falls within the aggravated range. *See* § 18–1–105(9)(a), C.R.S. (1991 Cum.Supp.). However, the record reveals that the trial court intended to impose an enhanced sentence pursuant to § 18–1–105(9)(a)(V), C.R.S. (1991 Cum.Supp.), and thus, we will treat it as such.

Under § 18–1–105(9)(a), if one or more extraordinary aggravating circumstances is present, the court is required to sentence the defendant to a term having a duration of at least the mid-point in the presumptive range but not more than twice the maximum of that range.

Section 18–1–105(9)(a)(V) provides that one of the extraordinary aggravating circumstances is that:

The defendant was under confinement, in prison, or in any correctional institution as a convicted felon, or an escapee from any correctional institution for another felony at the time of commission of a felony.

Statutory words and phrases should be given effect according to their plain and ordinary meaning. *People v. District Court, supra.*

Section 18–1–105(9)(a)(V) does not apply to the crime of escape, but rather it applies to other felonies committed while under confinement or to other felonies committed after escape from confinement. *People v. Russell, supra.* Defendant pled guilty to attempt to escape. He did not commit any other felony while he was confined. Hence, the defendant does not come within the first classification in the statute.

Contrary to the contention of the People, *People v. Sanchez,* 769 P.2d 1064 (Colo. 1989) does not overrule *Russell;* rather, it limits *Russell* to a factual situation as presented here.

Further, by the plain and ordinary meaning of the term; an "escapee" is someone who already has escaped from custody or confinement. Thus, an escapee cannot escape. Because defendant was apprehended and again in the custody of the parole office when he escaped in this case, he was not an escapee as that term is contemplated under § 18–1–105(9)(a)(V). Hence, defendant does not come within the ambit of the second classification in the statute. Accordingly, the trial court was not statutorily required to impose an enhanced sentence in this case.

Although we have rejected the basis employed by the court for an enhanced sentence, nevertheless, we recognize that the trial court retains authority to impose a sentence beyond the presumptive range for a class 5 felony pursuant to § 18–1–105(6), C.R.S. (1986 Repl.Vol. 8B).

The sentence is vacated, and the cause is remanded for resentencing in accordance with the views expressed herein.

METZGER and PLANK, JJ., concur.