The PEOPLE of the State of
Colorado, Petitioner,

v.

Gerald M. ANDREWS, Respondent.

No. 93SC46.

Supreme Court of Colorado,
En Banc.

April 4, 1994.

Gale A. Norton, Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John Daniel Dailey, Deputy Atty. Gen., Robert Mark Russell, First Asst. Atty. Gen., Amy W. Naes, Sp. Asst. Atty. Gen., Denver, for petitioner.

David F. Vela, State Public Defender, Samuel Santistevan, Deputy State Public Defender, Denver, for respondent.

Justice SCOTT delivered the Opinion of the Court.

We granted certiorari to review the decision of the court of appeals in *People v. Andrews*, 855 P.2d 3 (Colo.App.1992). The court of appeals held that the sentencing enhancement provision in section 18–1–105(9)(a)(V), 8B C.R.S. (1986 and 1992 Supp.) does not apply to the felony of escape, and thus vacated the defendant's enhanced sentence and remanded to the trial court for resentencing. We affirm.

I

In March of 1989, Gerald M. Andrews was committed to the custody of the Department

of Corrections to serve concurrent sentences of four and six years for cultivation of marijuana[1] and second-degree burglary,[2] respectively. In May of 1990, Andrews was transferred to a community corrections facility, Alpha Center, Inc. (Alpha). During the morning of July 2, 1990, Alpha staff members were unable to locate Andrews and reported him missing. More than two weeks later, on July 19, Arvada police officers apprehended Andrews and placed him in the Jefferson County Jail. The next morning, July 20, 1990, Andrews was taken to the Denver Parole Office for processing. While his parole officer was completing the necessary paperwork, Andrews bolted from the office and again escaped. However, unlike his earlier escape during which he was at large for several days, this time he was immediately apprehended in a nearby parking lot.

For his first escape, Andrews was charged with class 3 felony escape, pursuant to section 18–8–208(2), 8B C.R.S. (1986) (escape while in custody or confinement following conviction of a felony other than a class 1 or class 2 felony). For his second escape, Andrews was charged with class 4 felony escape, under section 18–8–208(3) (escape while in custody and held for but not convicted of a felony).

In October of 1990, Andrews and the People entered into a plea agreement. Under the terms of the agreement, Andrews pleaded guilty to two counts of class 5 felony attempted escape pursuant to section 18–8–208.1(2), 8B C.R.S. (1986) (attempt to escape "while in custody or confinement and held for or charged with but not convicted of a felony"). In exchange for his guilty pleas, the original escape charges were dropped. At sentencing, however, the district attorney argued that pursuant to the sentence enhancement provision in section 18–1–105(9)(a)(V), 8B C.R.S. (1986 and 1992 Supp.) (commission of a felony while "under confinement . . . as a convicted felon, or an escapee from any cor-

rectional institution for another felony"), an aggravated sentence should be imposed for Andrews' second escape because he was still considered an "escapee," due to the first escape, at the time he committed the second escape. The trial court agreed, finding that "the law is such that [case number] 1920 is a mandatorily aggravated circumstance due to the double escape situation. . . . I don't think by law I can avoid the mandatory aggravator in [case number] 1920." Thus, utilizing this "double escape" rationale, the trial court imposed a sentence of two and one-half years for the second escape to run consecutive to a one-year sentence imposed for the first escape, both sentences to run consecutive to Andrews' prior sentences. After imposing the sentence, the trial court stated that but for the mandatory aggravated sentence it would have sentenced Andrews to less than two and one-half years in the second escape.[3]

On appeal, Andrews contested the trial court's imposition of an aggravated sentence for his second escape. The court of appeals agreed that the aggravated sentence was improper, vacated the sentence, and remanded the case for resentencing. The court of appeals, in an opinion by Judge Tursi, reasoned that "by the plain and ordinary meaning of the term; an 'escapee' is someone who already has escaped from custody or confinement. Thus an escapee cannot escape." *Andrews*, 855 P.2d at 5. Additionally, relying on *People v. Russell*, 703 P.2d 620 (Colo.App. 1985), the court of appeals found that the enhancement provision "does not apply to the crime of escape, but rather it applies to other felonies committed while under confinement or to other felonies committed after escape from confinement." *Andrews*, 855 P.2d at 5. We agree and affirm for the reasons set forth below.

II

■ Before we examine the relevant provisions, we restate those principles of statutory construction that guide our review.

---

**1.** § 18–18–106, 8B C.R.S. (1986).

**2.** § 18–4–203, 8B C.R.S. (1986).

**3.** We note that the two and one-half year sentence falls within the presumptive range, as well

as the aggravated range. The record, however, clearly evinces the trial court's intent to impose an aggravated sentence and for purposes of this appeal the sentence will be treated as such.

Legislative intent is the linchpin of statutory construction. *Ingram v. Cooper,* 698 P.2d 1314 (Colo.1985). To discern legislative intent, a reviewing court should look first to the language of the statute, and the words and phrases used therein should be given effect according to their plain and ordinary meaning. *People v. District Court,* 713 P.2d 918, 921 (Colo.1986). If the language is clear and the intent appears with reasonable certainty, there is no need to resort to the rules of statutory construction. *Id.* To reasonably effectuate the legislative intent, a statute must be read and considered as a whole and should be interpreted so as to give consistent, harmonious, and sensible effect to all its parts. *Id.* In doing so, criminal statutes are to be construed strictly in favor of the accused. *People v. Roybal,* 618 P.2d 1121 (Colo.1980).

The statute before us is section 18–1–105(9)(a).[4] It provides that if a sentencing court finds the existence of one or more extraordinary aggravating circumstances, that court must sentence the defendant to a term of at least the mid-point in the presumptive range, but the sentence may not be more than twice the maximum term authorized in the presumptive range for the punishment of that class felony. § 18–1–105(9)(a). The extraordinary aggravating circumstance which was held to be present by the trial court is defined in subsection (9)(a)(V) as follows:

(V) The defendant was under confinement, in prison, or in any correctional institution as a convicted felon, or an escapee from any correctional institution as a convicted

felon, or an escapee from any correctional institution for another felony at the time of the commission of a felony[.]

§ 18–1–105(9)(a)(V).

The People contend that because the defendant was under confinement as a convicted felon at the time he committed the felony of attempted escape, the sentence enhancement provision applies.[5] In rejecting this contention, the court of appeals relied on its prior decision in *People v. Russell,* 703 P.2d 620 (Colo.App.1985), which presented a factual scenario similar to this case, i.e., the defendant was convicted of escape and received an aggravated range sentence from a judge who indicated that he would have imposed a presumptive range sentence in the absence of the mandatory enhancement provisions of subsection (9)(a)(V). The *Russell* court held that the defendant's conviction for escape did not trigger the operation of the enhanced sentencing provision. *Id.* at 622. In reaching this conclusion, the court of appeals examined the legislative sentencing scheme and reasoned that if the aggravator were to apply to the crime of escape, conviction of class 3 felony escape would always require imposition of a sentence in excess of the presumptive range for such class of felonies.[6] *Id.* at 622. The court of appeals held that such a construction would be contrary to legislative intent since it would be tantamount to changing the crime from a class 3 felony to a class 2 felony. *Id.* Additionally, the court of appeals noted that lawful confinement is an element of the substantive crime of felony escape, and therefore "commission of this element, in and of itself, cannot logically

---

4. The full text of § 18–1–105(9)(a) provides as follows:

(9)(a) The presence of any one or more of the following extraordinary aggravating circumstances shall require the court, if it sentences the defendant to incarceration, to sentence the defendant to a term of at least the mid-point in the presumptive range but not more than twice the maximum term authorized in the presumptive range for the punishment of that class felony[.]

5. At oral argument, the People conceded that the "double escape" rationale utilized by the trial

court (*see* p. 1200, *supra*) was not correct. We agree. Under the plain meaning of the term "escapee," a defendant ceases to be an "escapee" when he is once again under confinement or placed in custody.

6. Under the version of § 18–1–105(9)(a) which was in effect at the time *Russell* was decided, if an aggravating circumstance was present, the court was required to impose a sentence greater than the presumptive range. The current version requires that the defendant be sentenced to at least the mid-point and no more than twice the maximum term of the presumptive range.

constitute an 'extraordinary aggravating' aspect of the escape." *Id.* Finally, in concluding that the enhancement provision does not apply to the crime of escape, the court noted that "any other construction of the statute would negate and render mere surplusage the language that 'at the time of the commission of a felony' the perpetrator was an escapee." *Id.* (citation omitted).

In order to counter the rationale of the court of appeals, the People contend that *Russell* was legislatively overruled by the 1986 enactment of section 18–1–105(9)(f), 8B C.R.S. (1986). Under that provision, a sentencing court "may consider aggravating circumstances such as serious bodily injury caused to the victim or the use of a weapon in the commission of a crime, notwithstanding the fact that such factors constitute elements of the offense." § 18–1–105(9)(f). Thus, the People deduce that the principle announced in *Russell,* i.e., that the enhancement provision shall not apply because lawful confinement is an element of the substantive crime of felony escape, is invalidated by statute.

We do not rely, however, on the "same element" rationale of *Russell* in reaching our conclusion here. Instead, we focus on the overall statutory scheme and the implications of the two interpretations of the sentence enhancement provision which are now before this court. Under the construction advocated by the People, the enhancement provision, subsection (9)(a)(V), would apply automatically to every individual convicted of class 3 felony escape.[7] This construction would effectively render meaningless the classification of the felony as class 3, since in each and

every case an enhanced sentence would be imposed upon the defendant.[8] Such a construction is contrary to the presumption that an entire statute, giving force and effect to all its parts, is intended to be effective. *See People v. District Court,* 713 P.2d at 921 (a statute should be interpreted "to give consistent, harmonious, and sensible effect to all its parts"); *Ingram,* 698 P.2d at 1317 (rejecting a construction which would "render meaningless" the penalties adopted by the General Assembly).

We recognize that in other instances we have found that an element of an underlying offense may also provide the basis for an increased sentence, effectively mandating an escalated penalty for that offense. *See, e.g., People v. Sanchez,* 769 P.2d 1064 (Colo.1989) (holding that "facts which also tend to establish an element" of the crime of vehicular assault could also be used to establish extraordinary aggravating circumstances for purposes of sentencing); *People v. Leonard,* 755 P.2d 447 (Colo.1988) (applying the "felony while in confinement" aggravator to the crime of first degree possession of contraband); *People v. Haymaker,* 716 P.2d 110 (Colo.1986) (applying the crime of violence aggravator to first degree sexual assault).

In those instances, however, our rulings were based upon the clear legislative intent that the enhancement provision was meant to apply to the underlying felony. *See Haymaker,* 716 P.2d at 117 (holding that "the intent of the legislature to authorize cumulative punishment under the statutes at issue is simply unmistakable"); *Sanchez,* 769 P.2d at 1067 (distinguishing *Russell* on the grounds that the court of appeals there applied rules

---

**7.** Andrews was convicted of class 5 felony attempted escape, which unlike class 3 escape does not require that the defendant be convicted of a felony at the time of escape. However, in determining the propriety of the interpretation advocated by the People, we believe it necessary to address the effect that interpretation would have on the entire statutory scheme.

**8.** Though application of the enhancement provision would not necessarily result in a sentence which exceeds the presumptive range for a class 3 felony, it would still change the penalty man-

dated by the legislature in that no defendant convicted of the felony could be sentenced to a term below the mid-point of the presumptive range.

In practical terms, this would require the sentencing court to sentence a class 3 felon escapee to a minimum of ten years and a maximum of thirty-two years, as opposed to a minimum of four years and a maximum of sixteen years. *See* § 18–1–105(1)(a)(IV), 8B C.R.S. (1993 Supp.) (defining the presumptive range sentences for each class of felony).

of statutory construction to conclude that "the General Assembly had not intended to permit elements of the underlying offenses there involved to be considered extraordinary aggravating circumstances for sentencing purposes"). Here, the legislative intent is not so clear. One reason we question the legislative intent to apply the aggravator is that the General Assembly has provided for enhanced punishment of crimes of escape elsewhere, specifically in section 18–8–208.1, 8B C.R.S. (1986) (escape) and section 18–8–209, 8B C.R.S. (1986) (attempted escape). These statutes provide that any punishment imposed pursuant to a conviction for escape or attempted escape shall run consecutive to any other sentence being served by the offender.[9] The existence of these consecutive sentence provisions cuts against the likelihood that the legislature intended the additional punishment of the application of the sentence enhancement provision at issue in every instance.

Additionally, we note that since it was decided in 1985, this court has addressed the *Russell* decision on at least four occasions, and while limiting its application to crimes of escape we have not altered its force.[10] Moreover, during that same period of time, the General Assembly has on a number of occasions amended subsection (9)(a)(V), but has never expressly provided that the aggravator should apply to crimes of escape.

In sum, we conclude that the legislature did not intend to punish escape and attempted escape through application of the enhancement provision at issue. First, the language of the escape and attempted escape statutes provides for a specific sentence and additionally provides that punishment imposed pursuant to conviction of such crimes shall run consecutive to the punishment for the underlying felony. Second, the General Assembly has not amended the enhancement provision to make it specifically applicable to crimes of escape. Finally, this court has addressed the *Russell* decision several times in the past and has continued to assert its validity with regard to crimes of escape.

## III

We hold, therefore, that the sentence enhancement provision at issue, section 18–1–105(9)(a)(V), is not applicable to the crime of escape or attempted escape. In reaching this conclusion we rely on the plain language of the relevant statutes, giving consistent, harmonious, and sensible effect to all parts of each, as well as the overall statutory scheme.

Accordingly, the judgment of the court of appeals is affirmed.

VOLLACK, J., dissents, and ROVIRA, C.J., and ERICKSON, J., join in the dissent.

Justice VOLLACK dissenting:

The majority holds that the sentence enhancement provision of section 18–1–

---

**9.** The full text of subsection (2) of section 18–8–208.1, the statute under which Andrews was convicted, provides as follows:

(2) If a person, while in custody or confinement and held for or charged with but not convicted of a felony, knowingly attempts to escape from said custody or confinement, he commits a class 5 felony. If the person is convicted of the felony or other crime for which he was originally in custody or confinement, the sentence imposed pursuant to this subsection (2) *shall run consecutively with any sentences being served by the offender.*
(Emphasis added).

**10.** *See Haymaker,* 716 P.2d at 116 (noting that *Russell* was "consistent" with our holding in that it "did not recognize a blanket constitutional prohibition against basing an aggravated sen-

tence on an element of the crime"); *Leonard,* 755 P.2d at 451 (distinguishing *Russell* on the grounds that the extraordinary aggravating circumstance there was "synonymous" with the underlying crime, which was not the situation in the case at bar); *People v. Chavez,* 764 P.2d 356, 358 (Colo.1988) (limiting *Russell* to the crime of escape); *Sanchez,* 769 P.2d at 1067 (distinguishing *Russell* on the grounds that in *Russell* the aggravating circumstance was "synonymous" with an element of the offense, and noting that in *Russell* the court of appeals applied rules of statutory construction to conclude that "the General Assembly had not intended to permit elements of the underlying offenses there involved to be considered extraordinary aggravating circumstances for sentencing purposes").

105(9)(a)(V), 8B C.R.S. (1986 & 1993 Supp.),[1] is not applicable to the crime of escape or attempted escape because the legislature did not intend to apply statutory aggravators to those crimes. The majority concludes that, for the crime of escape,[2] an element of the crime cannot also be an aggravating factor in sentencing, and adopts the court of appeals decision in *People v. Russell*, 703 P.2d 620 (Colo.App.1985). Because I believe that the legislature clearly intended that section 18–1–105(9)(a)(V) should apply to the crime of escape, and because I believe that *Russell* should be disapproved, I dissent.

### I.

The crux of the majority opinion is that, for the crime of escape, an element of the crime cannot also be an aggravating factor for sentence enhancement purposes. That is, because lawful confinement is an element of the crime of escape, the aggravating factor— that the defendant was a prison inmate when the crime was committed—should not be applied to increase his sentence. The majority implicitly adopts the holding of the court of appeals in *People v. Russell*, 703 P.2d 620 (Colo.App.1985). Although the majority states that it does not rely on the "same element" rationale of *Russell* for its conclusion, Op. at 1202, the opinion employs the same analysis used in *Russell* and reaches the same conclusion.

The majority concedes that other decisions of this court have found that "an element of an underlying offense may also provide the basis for an increased sentence, effectively mandating an escalated penalty for that offense," and cites *People v. Sanchez*, 769 P.2d 1064 (Colo.1989), *People v. Leonard*, 755 P.2d 447 (Colo.1988), and *People v. Haymaker*,

716 P.2d 110 (Colo.1986). Op. at 1202–1203. However, the majority claims, in those cases the intent of the legislature was clear, while in this case it is not. According to the majority, the principal difference between those cases and the one we address today is the clarity with which the legislature has expressed its intent.

### II.

The majority provides several reasons that the legislature's intent is not clear on the question of whether the sentence enhancement provision applies to the underlying felony of escape.

Following the first step of the analysis in *Russell*, the majority notes that, if the sentence enhancement provision applied to the crime of escape, the defendant would always be subject to an increased sentence. Doing so would change the penalty imposed by the legislature, and render it meaningless. The majority notes that "[s]uch a construction is contrary to the presumption that an entire statute, giving force and effect to all its parts, is intended to be effective," citing *People v. District Court*, 713 P.2d 918 (Colo. 1986), and *Ingram v. Cooper*, 698 P.2d 1314 (Colo.1985). Op. at 1202. *Russell* also reached the same conclusion: "Such a construction would be contrary to the presumption that an entire statute is intended to be effective." *Russell*, 703 P.2d at 622. I point out, however, that this portion of *Russell* has been implicitly overruled by our later decisions. *See, e.g., People v. Sanchez*, 769 P.2d 1064 (Colo.1989); *People v. Haymaker*, 716 P.2d 110 (Colo.1986).

Second, the majority contends, the legislature did not intend to punish the crime of

---

1. Section 18–1–105(9)(a), 8B C.R.S. (1986 & 1993 Supp.), states:

   The presence of any one or more of the following extraordinary aggravating circumstances shall require the court, if it sentences the defendant to incarceration, to sentence the defendant to a term of at least the mid-point in the presumptive range but not more than twice the maximum term authorized in the presumptive range for the punishment of a felony:

   ....

   (V) The defendant was under confinement, in prison, or in any correctional institution as a convicted felon, or an escapee from any correctional institution for another felony at the time of the commission of a felony[.]

2. References to the crime of escape also include the crime of attempted escape.

escape in section 18–1–105(9)(a)(V) because it has already provided for enhanced punishment for the crime of escape in section 18–8–209, 8B C.R.S. (1986). That section states that, on conviction for escape, the sentence imposed will run consecutively and not concurrently with any sentence the offender was serving at the time of the escape.[3] The majority posits that this mandate that the sentence run consecutively is the legislature's sole imposition of sentence enhancement for escape. Op. at 1202–1203. Because of the existence of this section, the majority reasons, the legislature could not have intended to provide for additional punishment for escape in other statutes. I disagree. First, section 18–8–209 is not a sentence enhancement statute, but, rather, is part of the sentencing scheme itself. In its absence, a convicted escapee might receive a concurrent sentence, which, in effect, is no sentence at all. Section 18–8–209 ensures that the inmate convicted of escape is actually punished for his crime. Second, section 18–8–209 also imposes consecutive sentences on inmates who commit other crimes during their incarceration, in addition to the crime of escape. The majority's logic that section 18–8–209 is the final and sole word of the legislature on sentence enhancement would nullify sentence enhancement for crimes such as assault during escape,[4] introducing contraband into a detention facility,[5] or possession of contraband in a detention facility.[6] Yet, we have already ruled that section 18–1–105(9)(a)(V) provides for enhanced sentences for these crimes. See, e.g., People v. Leonard, 755 P.2d 447 (Colo.1988); People v. Chavez, 764 P.2d 356 (Colo.1988). I do not agree that the existence of section 18–8–209 means that the legislature did not intend to provide for sentence enhancement through other statutes.

The majority maintains that Russell, at most, applies to the crimes of escape and attempted escape. However, I can discern no difference in legislative clarity between the way the statutes address these crimes and how they address other crimes that are unquestionably subject to sentence enhancement. There is no difference, for example, between this case and People v. Leonard, 755 P.2d 447 (Colo.1988), where an inmate was convicted of unlawful possession of contraband while confined in a detention facility.[7] There, an element of the crime was that the defendant had been confined in a detention facility. We approved the application of the sentence enhancement of section 18–1–105(9)(a)(V) because the crime was committed while the defendant was under confinement. The crime of unlawful possession of contraband while confined in a detention facility is described in less detail in the statutes than the crime of escape. And, like the crime of escape, there is no separate provision in the criminal code for enhancing the sentence of an inmate convicted of that crime.

### III.

The majority states that, although we have severely narrowed the application of Russell since it was decided, we have never disapproved of it. However, this is the first case to be decided by either this court or the court of appeals on the specific question of applying section 18–1–105(9)(a)(V) to the crime of escape since Russell in 1985.

The court of appeals in Russell ruled that section 18–1–105(9)(a)(V) did not apply to the crime of escape because an element of the crime could not also be an aggravating factor in sentencing. In 1986, the year after Russell was decided, the General Assembly amended section 18–1–105(9). The change reflected the ruling by the court of appeals in

---

3. The full text of § 18–8–209 states:
   **Consecutive sentences.** Any sentence imposed following conviction of an offense under sections 18–8–201 to 18–8–208 or section 18–8–211 shall run consecutively and not concurrently with any sentence which the offender was serving at the time of the conduct prohibited by those sections.

4. § 18–8–206, 8B C.R.S. (1986).

5. § 18–8–203, 8B C.R.S. (1986).

6. § 18–8–204.2, 8B C.R.S. (1986).

7. § 18–8–204.1, 8B C.R.S. (1986).

*Russell* and allowed a court to consider aggravating circumstances associated with the commission of a crime, notwithstanding the fact that the aggravating factors constituted elements of the offense.[8] We have applied that amendment, section 18–1–105(9)(f), in several cases, including situations in which the statutory aggravator of section 18–1–105(9)(a)(V)—that the crime was committed when the defendant was in prison—was also an element of the crime. *See, e.g., People v. Leonard,* 755 P.2d 447 (Colo.1988) (unlawful possession of contraband in a detention facility); *People v. Chavez,* 764 P.2d 356 (Colo. 1988) (attempt to introduce contraband into a detention facility). We are now faced with applying section 18–1–105(9)(a)(V) and section 18–1–105(9)(f) to the crime of escape. I see no difference between the crime of escape and the crimes in *Leonard* and *Chavez,* in terms of the clarity of the statute and of legislative intent.

In my opinion, the legislature, by the 1986 amendment, nullified *Russell* on the use of an element of a crime to enhance a sentence. The amendment applies to any crime, including the crime of escape. The legislative intent is clear from the plain language of the statute, and we are required to give effect to this meaning. *Danielson v. Castle Meadows, Inc.,* 791 P.2d 1106 (Colo.1990), *rev'd sub nom. State Engineer v. Castle Meadows, Inc.,* 856 P.2d 496 (Colo.1993).

### IV.

I believe that the legislature clearly intended the sentence enhancement statute to apply to the crime of escape, and that this court should disapprove of *Russell.*

I dissent.

I am authorized to say that Chief Justice ROVIRA and Justice ERICKSON join in this dissent.

---

8. Section 18–1–105(9)(f), 8B C.R.S. (1986), states:

  The court may consider aggravating circumstances such as serious bodily injury caused to the victim or the use of a weapon in the commission of a crime, notwithstanding the fact that such factors constitute elements of the offense.