The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

William C. PHILLIPS, Defendant–Appellant.

No. 93CA2031.

Colorado Court of Appeals, Div. IV.

Oct. 20, 1994.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Paul Koehler, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Terri Harrington, Denver, for defendant-appellant.

Opinion by Judge DAVIDSON.

Defendant, William C. Phillips, appeals from the aggravated sentence imposed following his guilty plea to attempted escape. We affirm.

I.

As a threshold matter, we address the People's assertion that by virtue of the rule announced in *People v. Andrews*, 871 P.2d 1199 (Colo.1994) that § 18–1–105(9)(a)(V), C.R.S. (1994 Cum.Supp.) does not apply to escape charges, the defendant here must be resentenced. We disagree. The analysis in *Andrews* is inapplicable here because defendant's aggravated sentence resulted from the application of § 18–1–105(9.5)(a), C.R.S. (1994 Cum.Supp.), rather than § 18–1–105(9)(a)(V).

The record indicates that the trial court here imposed the maximum aggravated sentence for attempted escape because, at the time of the attempted escape, defendant was facing charges in another case, of which he

was ultimately convicted. Its reason for imposing an aggravated sentence reflects the statutory mandate of § 18–1–105(9.5)(a), which provides that, if prosecution of a defendant for a previous felony was pending at the time of the commission of the felony for which sentence is being imposed and if defendant is subsequently convicted of the previous felony, then the sentencing court is required to impose a sentence to a term between the minimum in the presumptive range but not more than twice the maximum term authorized in the presumptive range.

In *Andrews, supra,* the supreme court construed the sentence enhancement provision of § 18–1–105(9)(a)(V), which requires an aggravated sentence when a felony is committed while the defendant is under confinement as a convicted felon or is an escapee from any correctional institution as a convicted felon. The court ruled that such provision is not applicable to the crime of escape or attempted escape.

According to *Andrews,* the application of § 18–1–105(9)(a)(V) to escape convictions always would result in an aggravated sentence, because it would automatically apply to every individual convicted of escape. Hence, the court concluded that such automatic aggravation of every felony escape conviction would render meaningless the original statutory classification of that crime and that, therefore, it was contrary to the presumption that statutes are intended to be effective in their entirety.

Conversely, the application of the sentence enhancer set forth in § 18–1–105(9.5)(a) to the crime of escape is not automatic, but rather depends upon whether the defendant is subsequently convicted of the felony for which he was charged or was on bond at the time of the escape.

Thus, in a situation in which an inmate escaped or attempted to escape but was not subsequently convicted of the other pending felony, the mandatory aggravated sentence provision would not apply. Hence, the felony classification of escape or attempted escape is not rendered meaningless by the application of § 18–1–105(9.5)(a) to those crimes. Accordingly, we conclude that the *Andrews* analysis does not apply to cases involving that statutory provision.

## II.

■ As to defendant's claims, he maintains that the trial court abused its discretion in imposing the maximum eight-year sentence to run consecutively to the sentence in a related case. We disagree.

■ When a sentence outside the presumptive range is imposed, the court is required to place on the record its findings as to aggravating circumstances that justify variation from the presumptive range. *People v. Vela,* 716 P.2d 150 (Colo.App.1985). Further, there must be sufficient facts in the record to support the trial court's findings. *People v. Walters,* 632 P.2d 566 (Colo.1981). A trial court's sentencing decision will not be reversed absent a clear abuse of discretion. *People v. Watkins,* 684 P.2d 234 (Colo.1984).

Here, the trial court properly justified defendant's aggravated sentence on the grounds that he was charged with a previous felony at the time of his commission of attempted escape and was ultimately convicted of that charge. Moreover, the record indicates that the trial court based its decision on additional appropriate factors, including defendant's criminal history and lack of rehabilitative interest or potential. *See People v. Sanchez,* 769 P.2d 1064 (Colo.1989); § 18–1–105(9.5)(a). Accordingly, we find no abuse of the trial court's discretion in imposing the eight-year sentence.

Sentence affirmed.

JONES and NEY, JJ., concur.