**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

**v.**

**Brian Keith FORESTER, Defendant–Appellant.**

**No. 99CA0023.**

Colorado Court of Appeals, Div. I.

April 13, 2000.

Ken Salazar, Attorney General, Paul Koehler, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

Lee A. Hillhouse, Colorado Springs, Colorado, for Defendant–Appellant

Opinion by Judge METZGER.

Defendant, Brian Keith Forester, appeals the judgment of conviction of escape entered after a trial to the court. We remand for further proceedings.

Defendant was serving a community corrections sentence in a non-residential program. He was allowed to live in his own home but was prohibited from leaving El Paso County without first obtaining permission from his community corrections case manager.

Defendant made an unauthorized trip to New Mexico, where he was apprehended.

## I.

Defendant first argues that, because he was serving his sentence in a non-residential setting, he cannot be found guilty of escape for absconding from community corrections. We disagree.

Section 17–27–106(1)(a), C.R.S.1999, provides:

If an offender fails to remain within the extended limits of such offender's confinement *or placement* or fails to return within the time prescribed to any community corrections program to which such offender was assigned or transferred or if any offender who participates in a program established under the provisions of this article leaves such offender's place of employment ... such offender shall be deemed to have escaped from custody and shall, upon conviction thereof, be punished as provided in section 18–8–208, C.R.S.

(emphasis added)

In interpreting statutes, a court's primary task is to ascertain and give effect to the underlying legislative purpose and intent. To determine legislative intent, we look first to the language employed by the General Assembly. Words and phrases should be given effect according to their plain and ordinary meaning, and we must choose a construction that serves the purpose of the legislative scheme. *People v. Bastian*, 981 P.2d 203 (Colo.App.1998).

By its plain language, § 17–27–106(1)(a), applies to all types of community corrections placements. A non-residential community corrections program is one such placement authorized by § 17–27–102(3), C.R.S.1999. Therefore, a person, such as defendant, who absconds from a non-residential community corrections placement commits the crime of escape in violation of §§ 17–27–106(1)(a) and 18–8–208, C.R.S.1999.

Contrary to defendant's assertion, the supreme court's decisions in *People v. Hoecher*, 822 P.2d 8 (Colo.1991), and *Beecroft v. People*, 874 P.2d 1041 (Colo.1994), do not compel a different result. Those cases hold that, while time spent in a residential community corrections facility qualifies for pre-sentence confinement credit, time spent in a non-residential community corrections program does not. This is so because the latter is a lesser intrusion upon the defendant's liberty. That distinction has no bearing on the plain language of § 17–27–106(1)(a), which demonstrates the General Assembly's intent to establish the possibility of an escape conviction as a means of discouraging a defendant in a non-residential community corrections program from absconding.

## II.

Defendant next contends the trial court did not fully advise him concerning his decision whether to testify as required by *People v. Curtis*, 681 P.2d 504 (Colo.1984). The record we have does not contain a statement by the trial court that, if defendant testified, the prosecutor would be allowed to cross-examine him concerning his prior felony conviction for the purpose of impeaching his credibility. Thus, in accordance with *People v. Blehm*, 983 P.2d 779 (Colo.1999), we must remand the cause for an evidentiary hearing to determine whether defendant's waiver of his right to testify was voluntary, knowing, and intelligent.

If the trial court determines that defendant's waiver met these criteria, the judgment of conviction is affirmed, subject to defendant's right to appeal that determination. If the trial court determines that defendant's waiver did not meet these criteria, he is entitled to a new trial.

The cause is remanded for further proceedings.

Judge RULAND and Judge NIETO concur.