**The PEOPLE of the State of Colorado, Petitioner–Appellee,**

**In the Interest of C.C.V., Respondent–Appellant.**

**No. 01CA1805.**

Colorado Court of Appeals, Div. I.

Aug. 29, 2002.

Ken Salazar, Attorney General, Matthew S. Holman, Assistant Attorney General, Denver, Colorado, for Petitioner–Appellee.

S. David Kutinsky, Woodland Park, Colorado, for Respondent–Appellant.

Opinion by Judge METZGER.

The issue in this case is whether the time limitations in § 18–3–412.5(8), C.R.S.2001, allow a petition to discontinue the duty to register as a sex offender independent from the time limitations for such petitions in § 18–3–412.5(7), C.R.S.2001. We hold that § 18–3–412.5(7) controls and, therefore, affirm the trial court's order denying the petition of C.C.V.

In 1996, then sixteen-year-old C.C.V. was granted a deferred adjudication on one count of sexual assault in the first degree, a class three felony. Six months later, the deferred adjudication was revoked, C.C.V. was adjudicated a juvenile delinquent, and he was sentenced to two years probation. C.C.V. successfully completed the terms of his probation in 1999.

In 2001, C.C.V. petitioned the court to discontinue his duty to register as a sex

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2001.

offender and, after a hearing, the magistrate granted his request. On appeal by the prosecution, the trial court reversed that order, ruled that C.C.V. had a continuing obligation to register under § 18–3–412.5(7), and denied his petition.

C.C.V. contends the trial court erred in determining that § 18–3–412.5(7), and not § 18–3–412.5(8), controls here. We find no error.

Our role in determining the meaning of a statute is to give effect to the intent of the General Assembly. *See Pierson v. Black Canyon Aggregates, Inc.,* 48 P.3d 1215 (Colo. 2002). If the plain language of the statute clearly expresses the legislative intent, then we must give effect to the ordinary meaning of that language. Likewise, we should avoid interpreting the statute in a way that defeats the obvious intent of the General Assembly. *Whitaker v. People,* 48 P.3d 555 (Colo.2002).

We must read the statute as a whole and interpret it to give a consistent, harmonious, and sensible effect to all its parts. *People v. Andrews,* 871 P.2d 1199 (Colo.1994).

The interpretation of statutes is a matter of law subject to de novo review. *Hendricks v. People,* 10 P.3d 1231 (Colo.2000).

Both parties agree that, pursuant to § 18–3–412.5, C.R.S.2001, C.C.V. was required to register as a sex offender.

Section 18–3–412.5(7)(a)(I), C.R.S.2001, upon which the trial court relied, provides that certain persons required to register as a sex offender may petition to discontinue that requirement on the following conditions:

> Except as otherwise provided in subparagraphs (IV), (V), and (VI) of this paragraph (a), if the offense that required such person to register constituted or would constitute a class 1, 2, or 3 felony, after a period of twenty years from the date of such person's final release from the jurisdiction of the court for such offense, if such person has not subsequently been convicted of any offense involving unlawful sexual behavior.

The offense for which C.C.V. was adjudicated would be a class 3 felony had he been convicted as an adult. Further, the provisions of § 18–3–412.5(7)(a)(IV), (V), and (VI)

concern deferred adjudications, persons who were less than sixteen years old when adjudicated, and Internet postings respectively, and they do not apply to C.C.V. Therefore, according to § 18–3–412.5(7)(a)(I), C.C.V. would be ineligible to petition the court to discontinue the registration requirement until 2019, twenty years after his release from the court's jurisdiction.

C.C.V. nevertheless asserts that § 18–3–412.5(8), which concerns juvenile offenders, provides him an additional right to petition for discontinuance of the registration requirement. We disagree.

As relevant here, that subsection states:

> The provisions of this section shall apply to any person adjudicated as a juvenile based on the commission of [specified sexual offenses] ... except that, with respect to subparagraphs (I) to (V) of [§ 18–3–412.5(7)(a)], a person may petition the court for an order to discontinue the duty to register as provided in those subparagraphs but only if the person has not subsequently been adjudicated as a juvenile or convicted of any offense involving unlawful sexual behavior.

We reject C.C.V.'s argument that this language allows one to apply at any time to be released from the duty to register if, as in his situation, the applicant has no later adjudications of any description and no later convictions involving unlawful sexual behavior. The only reference to the discontinuance of registration in § 18–3–412.5(8) directs the applicant to § 18–3–412.5(7)(a)(I) to (V) and states "a person may petition the court for an order to discontinue the duty to register *as provided in those subparagraphs*" (emphasis added). In effect, C.C.V.'s argument would render this provision meaningless, in contravention of the mandate of § 2–4–201(1)(b), C.R.S.2001, that "[t]he entire statute is intended to be effective." *See also People v. Andrews, supra.*

The order is affirmed.

Judge CASEBOLT and Judge WEBB concur.