The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Robert Allen PADILLA, Defendant–Appellant.

No. 03CA1546.

Colorado Court of Appeals, Div. V.

April 7, 2005.

John W. Suthers, Attorney General, Catherine P. Adkisson, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Cecil L. Turner, Pueblo, Colorado, for Defendant–Appellant.

NIETO, J.

Defendant, Robert Allen Padilla, appeals the judgment finding him guilty of escape and conspiracy. He also appeals his adjudication as a habitual criminal. We affirm.

While an inmate in a county jail, defendant got out of a locked building through a hole cut in a screen over the exercise yard. He discarded the orange-colored clothing that identified him as a maximum security prisoner and changed into other clothing. He attempted to leave the facility grounds, but was apprehended when he became entangled at the top of the innermost of two barbed wire fences surrounding the facility.

## I.

Defendant first contends the evidence failed to establish that he was guilty of escape because it showed that he did not succeed in leaving the grounds of the facility. We disagree.

When faced with a challenge to the sufficiency of evidence, the reviewing court must determine whether any rational trier of fact could accept the evidence, taken as a whole, as sufficient to support a finding of guilt beyond a reasonable doubt. *People v. Sprouse,* 983 P.2d 771 (Colo.1999). It is the fact finder's function to consider and determine the weight to be given to all parts of the evidence and to resolve conflicts, inconsistencies, and disputes in the evidence. *Kogan v. People,* 756 P.2d 945 (Colo.1988). We may not disturb a fact finder's determination on issues of credibility and weight unless the evidence is legally insufficient to support a finding of guilt beyond a reasonable doubt. *People v. Brassfield,* 652 P.2d 588 (Colo. 1982). Further, the prosecution must be given the benefit of every reasonable inference that might be fairly drawn from the evidence. *Kogan v. People, supra.*

The crime of escape is defined in § 18–8–208, C.R.S.2004. It can be committed in several ways, but each variation refers to escape from "custody or confinement." Defendant was convicted under § 18–8–208(1), C.R.S.2004, which provides, "A person commits a class 2 felony if, while being in custody or confinement following conviction of a class 1 or class 2 felony, he knowingly escapes from said custody or confinement."

Defendant argues that to escape from custody or confinement after being placed in a detention facility, he must have succeeded in getting completely free from the facility. Under the facts here, he argues that at most he was guilty of attempted escape. We are not persuaded.

The term "in custody or confinement" as used in § 18–8–208 is not defined in the Colorado Criminal Code. The supreme court defined "in custody," as used in § 18–8–208(3), C.R.S.2004, as physical control of the person by physical restraint or by the person's submission to control, which is sufficient to provide reasonable assurance that he or she will not leave. The court observed that custody connotes physical control of a person. *People v. Thornton,* 929 P.2d 729 (Colo.1996). "In custody" is used in an identical manner throughout § 18–8–208 and therefore, has the same meaning.

We are aware of no Colorado appellant opinion defining "confinement" as used in the escape statute. *Black's Law Dictionary* 294 (7th ed.1999) defines "confinement" as "[t]he act of imprisoning or restraining someone; the state of being imprisoned or restrained."

Escape, as used in § 18–8–208, is not defined in the Colorado Criminal Code. However, a division of this court defined escape as

"to get away (as by flight or conscious effort): break away, get free, or get clear (the prisoner escaped from prison)." *People v. Akers*, 746 P.2d 1381, 1383 (Colo.App.1987)(quoting *Webster's Third New International Dictionary* 386).

We note that § 18–8–208 has been applied broadly by the supreme court. In *People v. Thornton, supra*, 929 P.2d at 732, it was applied to an escape from an arrest on the street. The supreme court said, "the legislature has not limited 'escape' to situations where a person committed to a confinement facility, such as a prison or jail, flees from confinement." In *People v. Giles*, 662 P.2d 1073 (Colo.1983), the supreme court applied § 18–8–208 to an escape from the Colorado State Hospital, where the inmate had been committed following an insanity adjudication.

The General Assembly has also determined that § 18–8–208 should be applied broadly. *See People v. Lucero*, 654 P.2d 835 (Colo.1982)(pursuant to § 17–27–108, C.R.S. 2004, failure to return to prison after release on a pass is treated as an escape under § 18–8–208); *People v. Taylor*, 74 P.3d 396 (Colo.App.2002)(pursuant to § 17–27.5–104, C.R.S.2004, failure to remain in a designated residence while on intensive supervision parole is treated as an escape under § 18–8–208); *People v. Forester*, 1 P.3d 758 (Colo.App.2000)(pursuant to § 17–27–106(1)(a), C.R.S.2004, failure to remain within the extended limits of a nonresidential community corrections placement is treated as an escape under § 18–8–208).

Our review of these authorities leads to the conclusion that the public policy of this state is to broadly define "in custody or confinement" and to criminalize conduct whereby a person absents himself or herself from the controls placed upon him or her by the state.

Applying this public policy, we conclude that defendant's conduct, as shown by the evidence, constituted the crime of escape under § 18–8–208. He was confined inside a locked building within the detention facility. He was restrained and imprisoned by the building and the locked doors. When he broke out of the building without authority, he had escaped from the controls placed on him even though he failed to get completely free from the facility.

This was not a situation where an unrestrained prisoner merely moved from one area of the facility to another without permission. Here, defendant was locked in a building and could not leave it without breaching the walls and screens that confined him. In our view, the act of physically removing restraints to free himself from the controls imposed on him constituted an escape from custody or confinement even though other controls, the perimeter fence, contained him within the facility. *See State v. Marsh*, 233 La. 388, 96 So.2d 643 (1957)(defendant who escaped from prison dormitory but failed to leave the prison grounds was guilty of escape from custody); *Crowder v. State*, 812 S.W.2d 63 (Tex.Ct.App.1991)(defendant who left assigned cell and was found hiding within the prison grounds was guilty of escape from custody); *State v. Sugden*, 143 Wis.2d 728, 422 N.W.2d 624 (1988)(defendant who forcibly escaped from a locked building and one fence but who failed to get past second perimeter fence was guilty of escape from custody).

In reaching this conclusion, we reject the prosecution's argument that, under the definition of escape in § 18–8–201(2), "even an unsuccessful effort constitutes an escape." Section 18–8–201, C.R.S.2004, defines the crime of aiding escape. There, escape "is deemed to be a continuing activity commencing with the conception of the design to escape and continuing until the escapee is returned to custody or the attempt to escape is thwarted or abandoned." Section 18–8–201(2), C.R.S.2004.

Using this definition makes sense in the context of aiding another to escape because, by definition, the crime can be committed without a completed escape. It also makes sense in the context of escape from intensive supervised parole, as in *People v. Taylor, supra*, because there the escape was from controls imposed as a condition of parole and did not concern an escape from physical restraints. However, this definition does not make sense in § 18–8–208 because the crime of escape there is not complete until the prisoner evades the physical controls placed

upon him or her. Further, if escape from custody or confinement were complete upon "conception of the design to escape," attempt to escape as defined in § 18–8–208.1 would be rendered meaningless.

## II.

■ Relying on *People v. Andrews*, 871 P.2d 1199 (Colo.1994), defendant contends that he may not be sentenced as a habitual criminal for the crime of escape. We disagree.

Defendant misconstrues the holding of *Andrews*. There, our supreme court held that a defendant convicted of escape could not be sentenced in the aggravated range mandated for the commission of a felony by "an escapee from any correctional institution for another felony." *People v. Andrews, supra*, 871 P.2d at 1200. *Andrews* has no bearing on a trial court's power to sentence a defendant convicted of escape as a habitual criminal. There is nothing in the escape or habitual criminal statutes that imposes such a limitation. Accordingly, the trial court properly sentenced defendant as a habitual criminal. *See People v. Benzor*, 100 P.3d 542 (Colo.App.2004)(defendant sentenced as habitual criminal for crime of escape).

The judgment and sentence are affirmed.

Judge VOGT and Judge HAWTHORNE concur.