The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Michael SAUCERMAN, Defendant–Appellant.

No. 94CA1871.

Colorado Court of Appeals, Div. III.

March 21, 1996.

Rehearing Denied May 2, 1996.

Certiorari Denied Nov. 12, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Paul Koehler, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Ellen K. Eggleston, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge PLANK.

Defendant, Michael Saucerman, appeals the 25–year sentence imposed following his guilty plea to sexual assault. We affirm.

In 1993, defendant was charged with sexual assault, a felony, and third degree assault, a misdemeanor. While defendant was released on bond following his guilty plea to the misdemeanor offense, he committed this offense. In exchange for dismissal of the kidnapping charge, defendant pled guilty to first degree sexual assault.

Based upon its conclusion that § 18–1–105(9.5)(b), C.R.S. (1995 Cum.Supp.) mandated a sentence within the enhanced range of 4 to 32 years, the court sentenced defendant to the Department of Corrections for a term of 25 years.

I.

Defendant first contends that the trial court erred as a matter of law in applying § 18–1–105(9.5)(b), which requires an enhanced sentence when a defendant commits a felony while "on bond for having pled guilty to a lesser offense when the original offense charged was a felony." We do not agree.

Defendant argues that § 18–1–105(9.5)(b) is not applicable here because the misde-

meanor charge to which he pled guilty was not a *substituted* misdemeanor charge as contemplated by the statute, but rather was one of the original charges filed against him. We are not persuaded.

■ Our primary task in construing a statute is to ascertain and give effect to the intent of the General Assembly. To discern legislative intent we first look to the words of the statute. When considered in isolation, the language of § 18–1–105(9.5)(b) is susceptible of the interpretation urged by defendant. However, a statute should be interpreted so as to give consistent, harmonious, and sensible effect to all its parts. *People v. District Court,* 713 P.2d 918 (Colo.1986). And, when we consider the statute as a whole, we conclude that such a narrow construction is contrary to the legislative intent. Constructions which defeat the obvious legislative intent should be avoided. *People v. District Court, supra.*

Prior to 1990, the sentence-enhancing provisions of § 18–1–105(9.5) were incorporated into § 18–1–105(9), C.R.S. (1986 Repl.Vol. 8B) as extraordinary circumstances requiring aggravated sentences. In 1990, four provisions of § 18–1–105(9) concerning similar circumstances, in which a defendant commits a felony while on conditional release after having been charged with a previous felony, were repealed and reenacted as § 18–1–105(9.5). *See* Colo. Sess. Laws 1990, ch. 120, § 18–1–105 at 955.

These reenacted aggravators were changed only in their designation as "sentence-enhancing" circumstances and in the enlargement of the sentencing range to allow imposition of a lesser term of incarceration in response to problems of prison overcrowding. There is no indication of a change in the legislative intent of such provisions which is, as found by the supreme court in *People v. Lacey,* 723 P.2d 111 (Colo.1986), to discourage recidivism by subjecting those persons who are on bond and subsequently convicted of a felony to sentencing in the aggravated range.

Thus, we are unpersuaded that the intent of the General Assembly to discourage the recurrence of felonious conduct by one who has been given the benefit of a plea bargain and release on bond hinges on whether the misdemeanor offense had been charged at the same time as the dismissed felony.

■ In reaching this conclusion, we are not unmindful of the rule of lenity which requires that penal statutes, including those pertaining to sentencing, should be strictly construed in favor of the accused. However, giving statutory words their full meaning in the context in which they are used does not violate the rule of lenity, and the rule of strict construction of criminal statutes should not be used to defeat the evident intent of the General Assembly. *People v. District Court, supra.*

■ Accordingly, we hold that a defendant who commits a felony while on bond after having pled guilty to a lesser offense is subject to the sentence-enhancing provisions of § 18–1–105(9.5)(b), regardless whether the lesser offense was an original charge or was substituted for a felony charge as the result of a plea agreement. Hence, we perceive no error in that regard here.

## II.

■ Defendant next contends that the court abused its discretion by imposing a term of 25 years. We are not persuaded.

■ When a sentence outside the presumptive range is imposed, the court is required to place on the record its findings as to sentence-enhancing circumstances that justify variation from the presumptive range. *People v. Vela,* 716 P.2d 150 (Colo.App.1985). Further, there must be sufficient facts in the record to support the trial court's findings. *People v. Walters,* 632 P.2d 566 (Colo.1981). However, a trial court's sentencing decision will not be reversed absent a clear abuse of discretion. *People v. Watkins,* 684 P.2d 234 (Colo.1984).

Here, the court properly justified defendant's enhanced sentence on the grounds that he had been charged with a previous felony which had been dismissed upon his guilty plea to a misdemeanor and that he was on bond following that guilty plea when he committed the felony for which he was being

sentenced. *See People v. Phillips,* 885 P.2d 359 (Colo.App.1994).

Moreover, the record indicates that the trial court based its decision on additional appropriate factors, including defendant's criminal history, his tendency to minimize the seriousness of his offenses, the escalating level of seriousness in his criminal conduct, and the danger he posed to society.

We find no abuse of the trial court's discretion in imposing the 25–year sentence.

Accordingly, the sentence is affirmed.

NEY and ROY, JJ., concur.