**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Daniel J. TUCK, Defendant–Appellant.**

**No. 94CA1190.**

Colorado Court of Appeals, Div. V.

July 25, 1996.

As Modified on Denial of Rehearing Sept. 19, 1996.

Certiorari Granted May 27, 1997.

Gale A. Norton, Attorney General, Stephen K. Erkenbrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Laurie A. Booras, Assistant Attorney General, Denver, for Plaintiff-Appellee.

David F. Vela, Colorado State Public Defender, Martin Gerra, Deputy State Public Defender, Denver, for Defendant-Appellant.

Opinion by Judge ROY.

Defendant, Daniel Tuck, appeals the sentence imposed upon him following a plea of guilty to sexual assault on a child by one in a position of trust. We vacate the sentence and remand for further proceedings.

On three occasions during 1989, defendant, a hospital emergency room technician, allegedly improperly touched or fondled the genitals of boys ranging from age 6 to 15 who had been brought to the hospital for treatment and whom defendant was in the process of examining or preparing for treatment.

Based on these incidents, defendant was charged with one count of sexual assault in the third degree in violation of § 18–3–404(1)(g), C.R.S. (1986 Repl.Vol. 8B) and two counts of sexual assault on a child in violation of § 18–3–405(1) and § 18–3–405(2), C.R.S. (1986 Repl.Vol. 8B).

At the time of these alleged offenses, defendant was free on bond on a charge of conspiracy to cultivate marijuana, a class 5 felony. Following his arrest for the sexual assaults, the charge for which defendant was on bond was dismissed as part of a plea bargain arrangement, and defendant pled guilty in that case to criminal impersonation, a class 6 felony.

After trial to a jury on the sexual assault charges, defendant was convicted on all counts, and the court sentenced him to 66 years in the Department of Corrections. However, a division of this court reversed that conviction. *People v. Tuck* (Colo.App. No. 91CA0756, April 22, 1993) (not selected for official publication).

Following remand to the trial court, defendant pled guilty to one count of sexual assault on a child by one in a position of trust, § 18–3–405(2)(b), C.R.S. (1986 Repl.Vol. 8B), pursuant to a plea agreement in which the prosecution agreed to recommend a sentence of not more than 30 years. At the time, the presumptive sentencing range for first degree sexual assault by a person in a position of trust in violation of § 18–3–405(2)(b), a class 3 felony, was four to sixteen years. Section 18–1–105(1)(a)(IV), C.R.S. (1995 Cum.Supp.).

At defendant's sentencing hearing, the trial court engaged in an extended discussion of sentencing criteria. At the suggestion of the prosecution and with the acquiescence of defense counsel, the trial court considered and found that, because defendant was free on bond for a felony charge and was later convicted of a felony in that matter, it was required to sentence in the aggravated range of 4 to 32 years pursuant to Colo. Sess. Laws 1981, ch. 211, § 18–1–105(9)(a)(IV) at 971.

The trial court then sentenced defendant to 28 years in the Department of Corrections. This appeal followed.

Defendant argues that the trial court erred in determining that because he was on bond for a previous felony at the time of the commission of the sexual assaults, there was an extraordinary aggravating circumstance pursuant to Colo. Sess. Laws 1981, ch. 211, § 18–1–105(9)(a)(IV) requiring a sentence of 4 to 32 years. He contends that a person must be convicted of the same felony for which he was charged and on bond in order for the court to find there is an extraordinary aggravating circumstance. We agree.

In construing statutes, a court's primary task is to ascertain and give effect to the intent of the General Assembly; to do so, the court must first look to the language of the statute itself. When the language of the

statute is clear so that the legislative intent can be discerned with reasonable certainty, there is no need to resort to other rules of statutory construction. *People v. District Court*, 894 P.2d 739 (Colo.1995).

■ The felony sentencing statute, § 18–1–105, C.R.S. (1986 Repl.Vol. 8B), sets forth a presumptive range of penalties for each class of felony. Under § 18–1–105(6), C.R.S. (1986 Repl.Vol. 8B), a sentencing court may sentence a defendant outside the presumptive range of penalties if it finds, based on the record before it, extraordinary aggravating circumstances. Sections 18–1–105(9), C.R.S. (1986 Repl.Vol. 8B) and 18–1–105(9.5), C.R.S. (1995 Cum.Supp.) require that the trial court must find extraordinary aggravating circumstances in the particularly enumerated instances.

The sentence enhancement provision under which defendant was sentenced, Colo. Sess. Laws 1981, ch. 211, § 18–1–105(9)(a), is such a mandatory extraordinary aggravating circumstance. That statute provides:

> The presence of any one or more of the following extraordinary aggravating circumstances shall require the court, if it sentences the defendant to incarceration, to sentence the defendant to a term of at least the midpoint in the presumptive range but not more than twice the maximum term authorized in the presumptive range for the punishment of a felony:
>
> . . . .
>
> (IV) The defendant was charged with or was on bond for a previous felony at the time of the commission of the felony, *for which previous felony the defendant was subsequently convicted.* (emphasis added)

*Cf.* § 18–1–105(9.5)(a), C.R.S. (1995 Cum. Supp.) (providing for sentence enhancement of up to twice the presumptive range for defendants who are on bond for a previous felony at time of commission of felony).

We hold that the language of Colo. Sess. Laws 1981, ch. 211, § 18–1–105(9)(a)(IV) is not ambiguous and requires that a defendant must be convicted of the same felony with which he was charged and on bond at the time of the offense in order for the sentencing court to find that there is an extraordi-nary aggravating circumstance. The term "for which previous felony" relates back to the particular felony for which defendant was charged.

We are aware that a division of this court recently decided *People v. Saucerman*, 926 P.2d 130 (Colo.App. 1996), in which it held that § 18–1–105(9.5)(b), which provides that the commission of a felony while on bond after having pled guilty to a lesser offense in a proceeding in which the original offense charged was a felony is an aggravating factor for purposes of sentencing. The defendant in *Saucerman* had pled guilty to a misde-meanor which was originally charged in con-junction with a felony and argued that § 18–1–105(9.5)(b) applied only if the lesser of-fense was substituted for an originally charged felony. The division concluded that the existence of the aggravating factor should not turn on whether the lesser offense was originally charged or substituted for an originally charged felony.

We believe *Saucerman* is distinguishable in that the statute there under consideration was susceptible to more than one construc-tion, only one of which was in conformity with the legislative intent. Here, the statute is, in our view, clear and unambiguous and is not susceptible to alternate constructions.

We do not agree with the People's argu-ment that, because of the "reality" of plea bargaining in the criminal justice system, a court may find an extraordinary aggravating circumstance if the defendant is convicted of any felony related to the original charge.

First, because the statute is unambiguous, we need not look to any rule of construction in order to determine its meaning. *People v. District Court, supra.*

Second, while plea bargaining is an estab-lished, accepted, and recognized practice in the administration of justice, it is not a basis for finding an ambiguity in this statute.

Third, the rule of lenity requires that a court strictly construe penal statutes, includ-ing those pertaining to sentencing, in favor of the accused. *People v. District Court*, 713 P.2d 918 (Colo.1986).

Furthermore, our supreme court has stated in dictum that Colo. Sess. Laws 1981, ch. 211, § 18–1–105(9)(a)(IV) "requires a sentence in the aggravated range if the offender was on bond for a previous felony at the time of the offense and was subsequently convicted of *that* previous felony." *People v. Simmons,* 723 P.2d 1350, 1351 (Colo.1986) (emphasis added).

■ Therefore, the trial court erred in determining that defendant's sentence necessarily had to be in the aggravated range because of the previous conviction. Defendant was on bond for conspiracy to cultivate marijuana, a class 5 felony, at the time he committed the sexual assaults charged in these proceedings. But, he ultimately was convicted of criminal impersonation, a class 6 felony, in the earlier proceeding. Accordingly, such conviction did not, by statutory mandate, constitute an aggravating circumstance.

The trial court did not refer to or rely upon any other aggravating circumstance. Hence, it should have sentenced defendant to a sentence within the presumptive sentencing range for § 18–3–405(2)(b), a class 3 felony, which, at the time defendant committed the sexual assaults, was 4 to 16 years. Section 18–1–105(1)(a)(IV), C.R.S. (1995 Cum.Supp.).

The People nevertheless argue that because defense counsel represented to the trial court that defendant's case fell within the scope of Colo. Sess. Laws 1981, ch. 211, § 18–1–105(9)(a)(IV), the doctrine of invited error precludes defendant from appealing the issue. We do not agree.

■ The doctrine of invited error may be applicable in cases in which a defendant has injected error as a matter of trial strategy. *People v. Zapata,* 779 P.2d 1307 (Colo.1989). Here, however, we cannot say that defense counsel's concession as to the applicability of the sentencing law was a matter of trial or sentencing strategy. Rather, it is apparent that it was a misapprehension or misstatement of the law that could by no means benefit defendant. Therefore, the doctrine of invited error does not apply in this situation.

Because we hold that the court erred in determining that defendant's sentence fell in the aggravated range by virtue of Colo. Sess. Laws 1981, ch. 211, § 18–1–105(9)(a), we need not address defendant's remaining contention.

The sentence is vacated, and the cause is remanded for resentencing, at which time the trial court may consider any other aggravating circumstance discretionary or mandatory.

RULAND and CASEBOLT, JJ., concur.