**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Glenn R. MOLTRER, Defendant– Appellant.**

**No. 98CA0294.**

Colorado Court of Appeals, Div. III.

June 10, 1999.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General, John J. Fuerst, III, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee.

David F. Vela, Colorado State Public Defender, Pamela A. Dayton, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant.

Opinion by Judge NEY.

Defendant, Glenn Roman Moltrer, appeals from the trial court order denying his Crim. P. 35(c) motion to vacate his sentence. We affirm.

In 1993, defendant was convicted of distribution of a Schedule II controlled substance (cocaine) and was sentenced to ten years at the Department of Corrections. His conviction was affirmed on appeal. *People v. Moltrer*, 893 P.2d 1331 (Colo.App.1994).

Thereafter, he filed a Crim. P. 35(c) motion arguing that his sentence should be vacated. Defendant claimed that the trial court erred in concluding that his sentence must be aggravated as provided by § 18–1–105(9)(a)III, C.R.S.1998, because he was on probation for another felony when he committed this felony. Relying on *People v. Tuck*, 937 P.2d 810 (Colo.App.1996), defendant argued that for there to have been mandatory aggravation of his sentence in this case, he must have been on probation for the same felony offense. The trial court denied the motion, concluding that *Tuck* did not apply. This appeal followed.

On appeal, defendant argues that because he was on probation for a class four felony, forgery, when he committed distribution of a Schedule II controlled substance, a class three felony, he was not subject to the mandatory minimum sentence under § 18–1–105(9)(a)(III), C.R.S.1998. He maintains that, because the felony for which he was on probation was different than the one for which he was sentenced in this case, § 18–1–105(9)(a)(III) does not apply. We disagree.

Section 18–1–105(9)(a)(III) provides in relevant part:

> The presence of any one or more of the following extraordinary aggravating circumstances shall require the court, if it sentences the defendant to incarceration, to sentence the defendant to a term of at least the midpoint in the presumptive range but not more than twice the maximum term authorized in the presumptive range for the punishment of a felony:
>
> . . . .
>
> (III) The defendant was on probation or was on bond while awaiting sentencing following revocation of probation for another felony at the time of the commission of the felony:

In construing statutes, a court's primary task is to ascertain and give effect to the intent of the General Assembly; to do so, the court must first look to the language of the statute itself. When the language of the statute is clear so that the legislative intent can be discerned with reasonable certainty, there is no need to resort to other rules of statutory construction. *People v. District Court*, 894 P.2d 739 (Colo.1995).

Here, the language of § 18–1–105(9)(a)(III) is not ambiguous. It requires that if a defendant is on probation for another felony at the time of the commission of

this felony, he or she must be sentenced to a term of at least the midpoint of the presumptive range but not more than twice the maximum term authorized in the presumptive range. There is nothing in the statute which requires that the felony for which a defendant is on probation be the same felony offense for which he or she being sentenced. Such an interpretation would be absurd. *People v. Swain,* 959 P.2d 426 (Colo.1998) (court should avoid statutory construction that leads to absurd results).

Defendant's reliance on *People v. Tuck, supra,* is misplaced. In *Tuck,* a division of this court was interpreting § 18–1–105(9.5)(a), C.R.S.1998, rather than § 18–1–105(9)(a)(III), which applies here. Section 18–1–105(9.5)(a) applies to 'defendants on *bond* at the time of the commission of the felony; in contrast, § 18–1–105(9)(a)(III) applies to defendants on *probation* at the time of the commission of the felony.

Furthermore, the division in *Tuck* was interpreting the phrase "for which previous felony the defendant was subsequently convicted," which relates back to the particular felony for which defendant was charged. *People v. Tuck, supra,* 937 P.2d at 812. Section 18–1–105(9)(a)(III) does not contain similar language. Rather, § 18–1–105(9)(a)(III) specifically states "another felony." Finally, §§ 18–1–105(9)(a)(III) and 18–1–105(9.5)(a) refer to the felony offense for which a defendant was on bond or on probation. The statutes do not relate to the present felony offense for which a defendant is being sentenced.

Hence, *Tuck* does not apply, and the trial court did not err in denying defendant's motion.

The order is affirmed.

Judge MARQUEZ and Judge CASEBOLT concur.