The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Leonard Ray SHIPLEY, Defendant–Appellant.

No. 99CA2105.

Colorado Court of Appeals, Div. II.

Jan. 4, 2001.

Certiorari Granted May 14, 2001.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.2000.

Ken Salazar, Attorney General, Laurie A. Booras, First Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Edward J. LaBarre, Colorado Springs, CO, for Defendant–Appellant.

Opinion by Judge VOGT.

Defendant, Leonard Ray Shipley, appeals the trial court's order denying his motion for

postconviction relief. We affirm but remand for resentencing.

Defendant was convicted of unlawful distribution and sale of a controlled substance (methamphetamine), unlawful possession of a controlled substance, and unlawful possession of an incendiary device. In addition, defendant was found to be a special offender under § 18–18–407(1)(f), C.R.S.2000 (using, possessing, displaying or having available for use a deadly weapon during commission of a controlled substance offense).

The version of § 18–18–407(1) in effect in 1995, when defendant was sentenced, required that he be sentenced to a term greater than the presumptive range for a class two felony but not more than twice the maximum term for a class two felony. The trial court imposed a twenty-four-year Department of Corrections (DOC) sentence pursuant to the special offender statute and imposed lesser concurrent sentences on the other convictions.

Defendant appealed, including among the issues raised a challenge to the constitutionality of the special offender sentencing statute. A division of this court affirmed, *People v. Shipley,* (Colo.App. No. 95CA1913, Oct. 30, 1997)(not selected for official publication), and certiorari review was denied.

In 1999, defendant filed a postconviction motion seeking sentence reconsideration pursuant to Crim. P. 35(b) and 35(c). The trial court entered a written order denying relief.

## I.

■ Defendant argues that the trial court erred by concluding that, under the special offender statute, it could not sentence him to probation or suspend his DOC sentence. In a related argument, defendant asserts that the cause should be remanded because the trial court failed to consider imposing a sentence to community corrections, home detention, or a fine in lieu of incarceration. We are not persuaded.

The version of the special offender statute in effect at the time defendant was sentenced provided:

Upon a felony conviction under this part 4, the presence of any one or more of the following extraordinary aggravating circumstances designating the defendant a special offender shall require the court to sentence the defendant to a term greater than the presumptive range for a class 2 felony but not more than twice the maximum term for a class 2 felony authorized in the presumptive range for the punishment of such felony.

Colo. Sess. Laws 1992, ch. 71, § 18–18–407(1) at 361; *see also* § 18–18–407(1) (current version requires court "to sentence the defendant to a term of at least the minimum term of years within the presumptive range for a class 2 felony but not more than twice the maximum term of years within the presumptive range for a class 2 felony").

The maximum presumptive range sentence for a class two felony was then, and is now, "twenty-four years imprisonment." Sections 18–1–105(1)(a)(IV) & 18–1–105(1)(a)(V)(A), C.R.S.2000.

■ In construing statutes, a court's primary task is to ascertain and give effect to the intent of the General Assembly. To do so, the court must first look to the language of the statute itself. When the language of the statute is clear, so that the legislative intent can be discerned with reasonable certainty, there is no need to resort to other rules of statutory construction. *People v. Moltrer,* 983 P.2d 810 (Colo.App.1999).

■ The rule of lenity is to be applied only to resolve an "unyielding statutory ambiguity," not to create an ambiguity justifying a construction in favor of the defendant. *People v. Harris,* 914 P.2d 425, 430 (Colo.App. 1995).

The special offender statute required that defendant be sentenced to a "term" greater than the maximum presumptive range sentence for a class two felony. The statute's reference to a presumptive range sentence is necessarily a reference to § 18–1–105(1)(a), the only provision in the criminal code that establishes the presumptive sentencing range for a class two felony.

Defendant argues that the statute's implicit reference to § 18–1–105(1)(a) merely establishes the minimum length for a special

offender sentence, and does not dictate the type of sentence or establish where the specified number of years are to be served. We disagree.

By their terms, §§ 18–1–105(1)(a)(IV) and 18–1–105(1)(a)(V)(A) set forth the range for a sentence of "imprisonment." There is no basis in the language of the special offender statute for concluding that the General Assembly intended to incorporate into that statute only the number of years, not the entire maximum presumptive range of twenty-four years *imprisonment,* when it required a sentence to a term greater than the presumptive range. The contrary construction urged by defendant would contravene the General Assembly's intent to punish more severely persons who commit controlled substance offenses under certain "extraordinary aggravating circumstances." Section 18–18–407(1).

We perceive no "unyielding statutory ambiguity" warranting application of the rule of lenity. Nor do we find a conflict between § 18–18–407(1) and the sentencing alternatives set forth in § 16–11–101, C.R.S.2000, on which defendant relies. The more specific requirements of § 18–18–407(1) necessarily prevail over the provisions of § 16–11–101, which are applicable, absent other limitations, to sentencing decisions generally. *See* § 16–11–101(1), C.R.S.2000; *see also* § 2–4–205, C.R.S.2000; *People v. Smith,* 932 P.2d 830 (Colo.App.1996).

We conclude that the special offender statute required the trial court to sentence defendant to a term of imprisonment greater than twenty-four years. We thus reject defendant's claim that the trial court had discretion to sentence him to probation or to craft an alternative sentence by suspending the imposition or execution of a DOC sentence. *See* § 18–1–105(1)(c), C.R.S.2000 ("[e]xcept as otherwise provided by statute, felonies are punishable by imprisonment in any correctional facility under the supervision of the executive director of the department of corrections"); § 18–1–105(10), C.R.S.2000 ("in no instance shall the court have the power to suspend a sentence to a term of incarceration when the defendant is sentenced pursuant to a mandatory sentencing provision").

For the same reasons, we conclude that the trial court had no discretion to impose a fine, a community corrections sentence, home detention, or a sentence to probation. Accordingly, a remand for consideration of these options is unwarranted.

## II.

■ Defendant next contends that the trial court failed to determine whether he should receive the benefit of an amendment to the special offender sentencing statute that was enacted during the pendency of his direct appeal. We conclude that defendant is not entitled to the benefit of the amendment.

■ A defendant is not entitled to the retroactive benefit of amendatory legislation if the General Assembly has not clearly indicated its intent to require such retroactive application. Rather, if the General Assembly states that amendatory legislation "shall apply to offenses committed on or after" the effective date, courts must give effect to that language and may not apply the amendment to offenses committed before the effective date. *People v. McCoy,* 764 P.2d 1171, 1174 (Colo.1988); *see also People v. Macias,* 631 P.2d 584 (Colo.1981).

Here, while defendant's direct appeal was pending, the General Assembly amended § 18–18–407(1) by reducing the minimum mandatory sentence to "a term of at least the minimum term of years within the presumptive range for a class 2 felony." Under §§ 18–1–105(1)(a)(IV) and 18–1–105(1)(a)(V)(A), the minimum presumptive range sentence for a class two felony is eight years imprisonment. However, the General Assembly specified that the amendment was applicable only to "offenses committed on or after" July 1, 1997. Colo. Sess. Laws 1997, ch. 264, § 18–18–407(1) at 1542, 1550.

Because defendant was sentenced for offenses committed prior to July 1, 1997, the amendment to the special offender statute is inapplicable to his sentence.

In light of this determination, defendant's claim that counsel provided ineffective assistance by failing to seek sentence reduction

based on the amendment to the special offender statute is unavailing as a matter of law.

## III.

In sum, we conclude that defendant was ineligible for sentence reduction and, therefore, uphold the trial court's order denying his motion for sentence reconsideration. *See People v. Smith,* 971 P.2d 1056 (Colo.1999)(defendant sentenced to the statutory minimum sentence is not eligible for sentence reduction).

 However, we note that defendant's special offender sentence must be increased by at least one day in order to be legal. Although defendant's twenty-four-year DOC sentence is equal to the maximum presumptive range for a class two felony, the special offender statute under which he was sentenced requires a minimum sentence that is *greater* than the maximum presumptive range for a class two felony. *See, e.g., People v. Atencio,* 878 P.2d 147 (Colo.App.1994)(defendant sentenced to twenty-four years and a day as a special offender pursuant to § 18–18–407). Thus, we vacate the sentence and remand the cause to the trial court for resentencing. *See* Crim. P. 35(a)(illegal sentence may be corrected at any time).

The order is affirmed, and the cause is remanded with directions to vacate defendant's sentence and resentence him in accordance with the views expressed in this opinion.

JONES and DAVIDSON, JJ., concur.